■ JAMES MECHTA, Appellant, v EDWARD J. MACK, Doing Business as McCABE & MACK, et al., Respondents.—In an action to recover damages for defamation, the plaintiff appeals from (1) so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered December 5, 1988, as granted the defendants' cross motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, and (2) so much of an order of the same court, also entered December 5, 1988, as denied as academic his motion for leave to serve an amended complaint.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs; and it is further,

Ordered that the parties are directed to appear at this court on November 1, 1989, at 12:00 noon to be heard upon the issue of the imposition of appropriate sanctions or costs pursuant to 22 NYCRR 130-1.1, if any.

The plaintiff James Mechta, appearing *pro se,* is an attorney admitted to practice law in the State of New York. He instituted the instant action based on a letter sent to him by the defendant Scott D. Bergin, an associate of the defendant law firm of McCabe & Mack, concerning a pending action entitled *Strout Realty v Mechta,* to recover a real estate broker's fee from Mechta. McCabe & Mack represented Strout Realty, Inc., in that action. After Mechta allegedly failed to appear for his court-ordered deposition in that action, Scott D. Bergin sent a letter to Mechta which stated: "[P]lease be advised that as a result of your failure to attend the court-ordered depositions scheduled for June 9, 1988 at 10:00 a.m. at the Dutchess County Clerk's Office, we will soon be going forward in making the appropriate motion before the Court". A copy of that letter was forwarded to the general counsel of Strout Realty, Inc. The instant action to recover damages for defamation is based upon the statement concerning his nonappearance at the deposition.

In the first instance, we agree with the Supreme Court that the statement complained of is not defamatory on its face. Even assuming, arguendo, that the subject statement was defamatory, it was subject to a qualified privilege. A qualified privilege arises, creating a shield from liability, when a person makes a good-faith communication upon any subject matter in which the parties to the communication have a corresponding interest *(see, Shapiro v Health Ins. Plan,* 7 NY2d 56; *Hollander v Cayton,* 145 AD2d 605). Here, the allegedly defamatory statement was forwarded to the general counsel of Strout Realty, Inc. and to Mechta concerning a matter of obvious concern to all parties to the communication, namely, the compliance with a court order directing the conduct of the deposition.

The defendants have raised the question of whether sanctions should be imposed against Mechta for frivolous conduct in pursuing this action. Mechta briefly responded to the defendants' application claiming, in effect, that there was no basis to make such an award. Upon review of the record, we conclude that Mechta's conduct in pursuing an appeal that so obviously lacks merit in either fact or law must be characterized as frivolous within the meaning of 22 NYCRR 130-1.1 (c). Accordingly, the parties are directed to appear at this court on November 1, 1989 at 12:00 noon to be heard upon the issue of the imposition of appropriate sanctions or costs pursuant to 22 NYCRR 130-1.1, if any. Thompson, J. P., Rubin, Sullivan and Balletta, JJ., concur.