■ JAMES MECHTA, Appellant, v EDWARD J. MACK et al., Respondents.—By decision and order of this court dated October 10, 1989 [154 AD2d 440] the parties were directed to appear before this court to be heard upon the issue of appropriate sanctions or costs pursuant to 22 NYCRR 130-1.1 to be imposed against the *pro se* plaintiff James Mechta for his conduct in pursuing a frivolous appeal in this action to recover damages for defamation.

Upon the proceedings before this court on November 1, 1989, at which the parties were given an opportunity to be heard on the issue of sanctions, it is,

Ordered that the plaintiff is directed to pay $1,000 to the defendants within 20 days after service upon him of a copy of this decision and order as a sanction for his conduct in pursuing frivolous appeals from two orders of the Supreme Court, Dutchess County (Beisner, J.), both entered December 5, 1988, which, respectively, dismissed his complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and denied as academic his motion for leave to serve an amended complaint.

The facts of the underlying defamation action were set forth in our prior decision and order dated October 10, 1989, which affirmed the two orders appealed from. We concluded therein that the plaintiff's conduct in pursuing appeals "that so obviously lack[ed] merit in either fact or law must be characterized as frivolous within the meaning of 22 NYCRR 130-1.1 (c)" *[supra,* at 441]. The relevant provision of 22 NYCRR 130-1.1 (d) requires that a party against whom sanctions are sought to be imposed be given an opportunity to be heard. On November

1, 1989, both parties appeared before this court and were heard on the record with respect to the question of sanctions. The minutes of the proceeding reveal that Mr. Mechta, the *pro se* litigant, is an attorney who was admitted to the Bar of the State of New York in 1954. He candidly admitted that he had not been actively involved in the practice of law for the past 10 to 15 years. Mr. Mechta claimed at oral argument to have researched the issues relevant to the subject appeal and to have expended a total of 2½ days in preparing the appellate brief. The remainder of Mr. Mechta's argument concerned an issue of dubious legal significance to the sanctions hearing, i.e., whether the defendant McCabe & Mack constituted a firm entitled to engage in the practice of law. His arguments in this regard are without merit as a matter of law. Judicial notice was taken at the proceeding that McCabe & Mack is a long-established law firm in Poughkeepsie.

It is clear upon this record that Mr. Mechta proceeded *pro se* at his own peril. In the first instance he failed to discern what even a cursory review of law in the area of defamation would have revealed, to wit, that his action was totally devoid of legal merit. Moreover, even after a decision was issued in the action with relevant case citations, Mr. Mechta persisted in pursuing this action by taking an appeal. Although he was afforded an opportunity to do so, Mr. Mechta failed to offer any good-faith arguments to demonstrate that his defamation action had a legitimate basis in light of existing law or to persuade this court to reexamine existing precedent in light of changing circumstances. His conduct not only constituted a misuse of and a burden on judicial resources but also placed a substantial burden on the defendants in time and costs associated with a defense of the appeal. Accordingly, we find that a sanction of $1,000 is warranted both to compensate the defendants as well as to deter frivolous appeals. Thompson, J. P., Rubin, Sullivan and Balletta, JJ., concur.