■ JOHN D. McMURRAY, Respondent, v CHRISTINE M. Mc-MURRAY, Appellant.—In an action for divorce and ancillary relief, the defendant Christine M. McMurray appeals from (1) an order of the Supreme Court, Westchester County (Nastasi, J.), entered May 5, 1988, which granted the motion of the plaintiff John D. McMurray to direct the Sheriff of Westchester County to sign and deliver the deed conveying title to the former marital residence, and (2) an order of the same court, entered May 16, 1988, which *sua sponte* amended the prior order by correcting a typographical error.

■ CHRISTINE M. McMURRAY, Appellant, v JOHN D. Mc-MURRAY, Respondent.—In an action, *inter alia,* for a judgment declaring that the plaintiff Christine M. McMurray is the equitable owner of a certain parcel of real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered May 4, 1988, which granted the defendant's motion to dismiss the complaint on the ground that it was barred under the doctrine of res judicata.

Ordered that the order is affirmed, with costs; and it is further,

Ordered that the appellant, personally, and the parties' appellate counsel are directed to appear at this court on February 28, 1990, at 12:00 noon to be heard upon the issue of

the imposition of appropriate sanctions or costs, if any, pursuant to 22 NYCRR 130-1.1

The instant appeal is but another attempt by the appellant to collaterally attack a judgment of divorce obtained by her former husband, the respondent herein, to the extent that it directed the sale of the former marital residence and the distribution of the proceeds deriving therefrom. As this court held on a previous appeal by the appellant in which she sought relief similar to that which she seeks at bar *(McMurray v Mosca,* 137 AD2d 747), the issue of title to the marital residence, which was finally determined in the divorce judgment from which no appeal was taken, may not be relitigated in separate actions *(see, Boronow v Boronow,* 71 NY2d 284; *Scattoreggio v Scattoreggio,* 115 AD2d 531; *Rakowski v Rakowski,* 109 AD2d 1). Accordingly, the instant action was properly dismissed as barred by the doctrine of res judicata.

We further conclude that the appellant's conduct in commencing this action and pursuing the instant appeal is patently frivolous. Her collateral attack on the judgment of divorce after a prior collateral attack on the same judgment was dismissed and that order of dismissal was affirmed by this court evinces a total lack of regard for the judicial process and a conscious effort to circumvent the proper procedural course to challenge the judgment of divorce. Accordingly, we direct that the appellant, personally, and the parties' appellate counsel appear on February 28, 1990, at 12:00 noon to be heard upon the issue of the imposition of appropriate sanctions or costs, if any, pursuant to 22 NYCRR 130-1.1. Thompson, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.