■ In the Matter of Sherry Lehmann, Inc., et al., Appellants, v New York State Liquor Authority et al., Respondents.—Appeal from judgment, Supreme Court, New York County (William J. Davis, J.), entered March 17, 1989, which

denied and dismissed petitioners' petition, filed pursuant to CPLR article 78, in which petitioners sought to preliminarily and permanently enjoin the respondent Authority from issuing a permit, pursuant to Alcoholic Beverage Control Law § 99-b (1) (a), authorizing the public sale at auction of wine, to Janet Henley as executrix of the estate of Alexander H.S. de Hond, unanimously dismissed as moot, without costs or disbursements.

The auction which petitioners sought to enjoin occurred on April 13, 1989, and involved the one-time sale of 56 bottles of wine out of the estate's collection of 212 bottles. A determination of this court will not affect the rights of the parties and the interest of the parties will not be an "immediate consequence of the judgment" *(Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714). The case at bar does not exhibit the factors necessary for it to be excepted from the doctrine of mootness, which are: (1) a likelihood of repetition, either between the parties or among other members of the general public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel causes *(Matter of Hearst Corp. v Clyne, supra,* at 714-715). Concur—Kupferman, J. P., Milonas, Asch, Kassal and Smith, JJ.