■ STROUT REALTY, INC., Respondent, v JAMES MECHTA, Appellant.—In an action for payment of a brokerage commission, the defendant appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Dutchess County (Beisner, J.), entered April 5, 1989, as denied his motion to require the plaintiff to give security for costs, to dismiss the complaint for failure to file a note of issue and to forbid the plaintiff's attorneys from taking any action herein for lack of a law license and granted that branch of the plaintiff's cross motion which was to direct him to appear for a further examination before trial, and (2) an order of the same court also entered April 5, 1989, as granted, in part, the plaintiff's cross motion for a protective order with respect to the defendant's notices of deposition.

Ordered that the appeal from so much of the first order as granted that branch of the plaintiff's motion which was to direct the defendant to appear for a further examination

before trial is dismissed, as that branch of the order, is not appealable as of right (see, Sainz v New York City Health & Hosps. Corp., 106 AD2d 500); and it is further,

Ordered that the first order is affirmed insofar as reviewed; and it is further,

Ordered that the second order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs; and it is further,

Ordered that the parties are directed to appear at this court on June 20, 1990, at 2:00 P.M., to be heard upon the issue of the imposition of appropriate sanctions or costs pursuant to 22 NYCRR 130-1.1 if any.

The source of the dispute at bar is the claim by the plaintiff broker that in January 1987 it presented the defendant seller with two buyers ready, willing and able to purchase the latter's real property upon the defendant's terms. The defendant, who is an attorney admitted to practice in the State of New York, and who is appearing pro se, denies the plaintiff's allegation.

In challenging the orders of the Supreme Court that were designed to resolve a discovery dispute, the defendant conspicuously fails to raise any issue of either law or fact. Instead he asserts, without any support in the record, that the plaintiff, with the assistance of the court, has been "harassing" him with its discovery demands. He further reiterates a groundless contention raised in an earlier suit—i.e., that the plaintiff's attorneys are not authorized to practice law—despite this court's express finding that this allegation had no merit as a matter of law (Mechta v Mack, 156 AD2d 747).

The issue having been raised by the plaintiff, upon review of the record, we conclude that the defendant's conduct in pursuing yet another appeal that so obviously lacks merit in either fact or law must be characterized as frivolous within the meaning of 22 NYCRR 130-1.1 (c). Accordingly, the parties are directed to appear at this court on June 20, 1990, at 2:00 P.M. to be heard upon the issue of the imposition of appropriate sanctions or costs pursuant to 22 NYCRR 130-1.1, if any. Kunzeman, J. P., Rubin, Eiber and Miller, JJ., concur.