■ Christine M. McMurray, Appellant, v John D. McMurray, Respondent. (Action No. 1.) John D. McMurray, Respondent, v Christine M. McMurray, Appellant. (Action No. 2.)—By two decisions and orders of this court, both dated

January 22, 1990, the appellant and the attorneys in the above-entitled appeals were directed to appear before this court to be heard on the issue of appropriate sanctions or costs pursuant to 22 NYCRR 130-1.1 to be imposed against the appellant or her attorneys for their conduct in pursuing frivolous appeals in action No. 1 and action No. 2.

Upon the proceedings before this court on February 28, 1990, at which the parties were given an opportunity to be heard on the issue of sanctions, it is,

Ordered that Abraham Morris is directed to personally pay $1,000 to the respondent John D. McMurray within 20 days after service upon him of a copy of this decision and order as a sanction for his conduct in pursuing frivolous appeals from three orders of the Supreme Court, Westchester County (Nastasi, J.), (1) the first of which, entered May 4, 1988, dismissed the appellant's complaint in action No. 1 for a judgment declaring her to be equitable owner of the parties' former marital residence on the ground that said action was barred by the doctrine of res judicata, (2) the second of which, entered May 5, 1988, directed the Sheriff of Westchester County to sign and deliver the deed conveying title to the former marital residence to the respondent John D. McMurray (action No. 2), and (3) the third of which, entered May 16, 1988, *sua sponte* amended the second order by correcting a typographical error (action No. 2).

The facts of the underlying actions were set forth in our prior two decisions and orders, both dated January 22, 1990 *(see, McMurray [Christine M.] v McMurray [John D.],* 157 AD2d 773; *McMurray [John D.] v McMurray [Christine M.],* 157 AD2d 773), which affirmed the orders entered May 4, 1988, and May 16, 1988, and dismissed the appeal from the order entered May 5, 1988 as superseded by the order entered May 16, 1988. We concluded therein that the appellant's conduct in commencing action No. 1 for a judgment declaring that she was the equitable owner of the former marital residence and in pursuing the instant appeals was "patently frivolous" insofar as she was once again attempting to collaterally attack portions of the judgment of divorce from which no appeal was taken. Accordingly, we ordered the appellant and the parties' attorneys to appear before this court to be heard on the record with respect to the question of sanctions as required by 22 NYCRR 130-1.1 (d) *(see, Mechta v Mack,* 154 AD2d 440; *see also, Mechta v Mack,* 156 AD2d 747).

The minutes of the hearing reveal that the instant appeals and action No. 1 commenced by the appellant for equitable

ownership of the former marital residence were pursued by the appellant's attorney Abraham Morris without his having advised the appellant of the futile nature of her continuing attempts to collaterally attack those portions of the judgment divorcing the parties which ordered the sale of the former marital residence, from which no appeal was ever taken. In fact, Mr. Morris admittedly informed the appellant that "he felt she had a good cause of action". Although Mr. Morris did not represent the appellant in the divorce action and is thus not responsible for her failure to appeal from the judgment of divorce, it is evident that he failed to research the issues raised on the appeals he pursued on behalf of the appellant. Indeed, his appellate brief contained "legal arguments" consisting of essentially nothing more than six consecutive point headings with no discussion whatsoever of the facts or the legal principles relevant to the issues purportedly raised by these appeals. Furthermore, the frivolous nature of these appeals is readily apparent for, as we previously held, they represent further improper attempts to collaterally attack a judgment from which no appeal was taken. The law is well settled that the issues which could have been raised on an appeal had it been taken may not be relitigated in separate actions (see, Boronow v Boronow, 71 NY2d 284). It was inexcusable for counsel to commence action No. 1 and to proceed with the appeals in action No. 1 and action No. 2 since his prior attempt to collaterally attack the same judgment of divorce was rejected for the very same reasons (see, McMurray v Mosca, 137 AD2d 747). Accordingly, as no reasonable explanations were proffered at the hearing to refute this court's prior findings that these appeals were frivolous, we find that a sanction of $1,000 is warranted both to compensate the defendant as well as to deter frivolous appeals. Thompson, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.