■ WILLIAM G. WALLACE et al., Appellants, v BOARD OF EDUCATION OF THE ROCKVILLE CENTRE UNION FREE SCHOOL DISTRICT et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Board of Trustees of the Rockville Centre Public Library to resubmit a budget for 1988-1989 to the residents of the Rockville Centre Union Free School District for a vote, the petitioners appeal, as limited by their brief, from (1) so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Robbins, J.), entered March 20, 1989, as, upon granting the respondents' motions to dismiss the petition upon the petitioners' default in responding to those motions, declared the proceeding to be "vexatious" within the meaning of Civil Rights Law § 70, and (2) so much of an order of the same court, entered May 31, 1989, which denied their motion to vacate the provision of the order and judgment which is appealed from.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, without costs or disbursements, the petitioners' motion is granted, and the fourth decretal paragraph of the order and judgment which declared the proceeding to be vexatious and granted the respondents the right to commence a separate action against the petitioners for damages "occasioned by this vexatious proceeding" is deleted; and it is further,

Ordered that the appeal from the order and judgment is dismissed as academic, without costs or disbursements, in light of our determination with respect to the order.

On or about April 1, 1988, the respondent Board of Trustees of Rockville Centre Public Library (hereinafter the Library) published a proposed budget for 1988-1989, which was subsequently approved by public vote. The budget, however, contained no reference to a $429,000 surplus, which the Library

maintained as a reserve fund. Following approval of the budget, the president of the Library's board revealed that the reserve fund had been set aside to purchase a parcel of property adjacent to the library for construction of a car park. Although Rockville Centre residents requested the Library to resubmit an accurate budget including a reference to the reserve fund for public approval, their requests were denied.

The petitioners, consisting of one named area resident and 20 "John Does" (representing 20 adjoining property owners) thereafter commenced the instant proceeding to compel the respondents to resubmit an accurate budget to the residents of Rockville Centre for a vote, and to enjoin the proposed purchase of real property. The petitioners also sought a temporary restraining order prohibiting the respondents from purchasing the property. The respondents countered by separately moving to dismiss the proceeding, and also sought to impose sanctions and costs against the petitioners for commencing an allegedly "vexatious" proceeding in the name of an unknown person (see, Civil Rights Law § 70), and for filing a "frivolous" petition (22 NYCRR 130-1.1 [c]). The petitioners failed to oppose these motions.

The Supreme Court denied the petitioners' application for a temporary restraining order, and, in the order and judgment appealed from, dismissed the petition. The court, however, refused to impose sanctions against the petitioners pursuant to 22 NYCRR 130-1.1, upon the ground that these rules did not retroactively apply to "frivolous" conduct which occurred prior to their effective date of January 1, 1989. Although the court also refused to impose sanctions against the petitioners pursuant to Civil Rights Law § 70, it did so without prejudice to the respondents' right to commence a separate action against them for damages "occasioned by this vexatious proceeding".

The petitioners subsequently moved to vacate so much of the order and judgment as described the proceeding as "vexatious". In support of the motion, they explained that the proceeding had been commenced by one named petitioner and 20 John Does because their former attorney had neglected the matter until it became clear that the object of the proceeding would soon be rendered moot. To save time, the former attorney, who was subsequently discharged, prepared the petition on behalf of the John Does, contrary to the wishes of the named petitioner and other potential petitioners. The petitioners further averred that it was the former attorney who permitted the motions for dismissal, with their attendant

requests for sanctions, to be submitted unopposed. Contending that the petitioners had failed to present any newly discovered evidence to the court, the Library cross-moved to impose sanctions upon the petitioners for making the motion to vacate. The Supreme Court, apparently viewing the petitioners' application solely as request for reargument, denied it, and denied the cross motion, but awarded costs to the respondents.

On appeal the petitioners contend that the denial of their motion to vacate was an improvident exercise of discretion. We agree. Although the court treated the petitioners' motion solely as a request for reargument, in fact the motion was one to vacate the petitioners' default in responding to the respondents' motions to dismiss. Since the petitioners' motion papers alleged both a reasonable excuse for the default and a meritorious defense to the imposition of sanctions, it should have been granted (see, CPLR 5015 [a] [1]). Accordingly, we vacate the fourth decretal paragraph of the order and judgment which declared the proceeding to be "vexatious" and granted the respondents the right to commence a separate action against the petitioners for damages "occasioned by this vexatious proceeding".

Moreover, we agree with the Supreme Court that 22 NYCRR part 130 does not apply to allegedly frivolous conduct which occurred prior to that section's effective date, as no intention to retroactively apply the rules can be deduced from the language of the provision (see, McKinney's Cons Laws of NY, Book 1, Statutes §§ 51, 53). Further, when we examine "the circumstances under which the [proceeding was commenced]" (22 NYCRR 130-1.1 [c] [2]), it cannot be said that it was "completely without merit in law or fact" (22 NYCRR 130-1.1 [c] [1]) or "undertaken primarily * * * to harass or maliciously injure [the respondents]" (22 NYCRR 130-1.1 [c] [2]; see, Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway, 76 NY2d 411; Strout Realty v Mechta, 161 AD2d 630). For similar reasons, we decline the parties' respective requests for the imposition of sanctions on appeal since neither party's position can be considered "frivolous" within the meaning of that word used in 22 NYCRR 130-1.1.

We have examined the parties' remaining contentions and find them to be without merit. Eiber, J. P., Harwood, Balletta and O'Brien, JJ., concur.