■ STROUT REALTY, INC., Respondent, v JAMES MECHTA, Appellant.—On the court's own motion, it is,

Ordered that the decision and order of this court dated July 18, 1990 [163 AD2d 516], is recalled and vacated, and the following decision and order is substituted therefor:

In an action for payment of a brokerage commission, the parties were directed to appear before this court to be heard on the issue of the imposition of appropriate sanctions and costs, pursuant to 22 NYCRR 130-1.1, against the defendant for his conduct in pursuing frivolous appeals from two orders of the Supreme Court, Dutchess County, both entered April 5, 1989 *(see, Strout Realty, v Mechta,* 161 AD2d 630).

Upon the proceedings before this court on June 20, 1990, at which the parties were given an opportunity to be heard upon the issue of sanctions, it is,

Ordered that James Mechta, the defendant *pro se,* is directed to pay $1,949 in costs to counsel for the respondent and $2,000 sanctions to the Lawyers' Fund for Client Protection, for a total of $3,949, within 20 days after service upon him of a copy of this decision and order with notice of entry, for his conduct in pursuing frivolous appeals from two orders of the Supreme Court, Dutchess County (Beisner, J.), both entered April 5, 1989.

The contents of the aforesaid orders and the facts of the underlying action were set forth in our prior decision and order dated May 14, 1990 *(see, Strout Realty v Mechta,* 161 AD2d 630, *supra).* which dismissed the appeal from so much of one of the orders as granted the branch of the plaintiff's motion which was to direct the defendant to appear for a further examination before trial and otherwise affirmed both orders insofar as appealed from. We concluded therein that "the defendant's conduct in pursuing yet another appeal that so obviously lacks merit in either fact or law must be characterized as frivolous within the meaning of 22 NYCRR 130-1.1 (c)" (at 631). During the proceeding held on June 20, 1990, counsel for the plaintiff stated his firm made an expenditure in countering the instant frivolous appeal of $1,949. The

defendant did not contest this figure. Accordingly, we direct that the defendant compensate the plaintiff's attorneys for their costs in the amount of $1,949, and that he pay an additional $2,000 in sanctions, to deter such frivolous appeals in the future (see, *Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway,* 76 NY2d 411). Kunzeman, J. P., Kooper, Eiber and Miller, JJ., concur.