■ ALAN BELSKY, Appellant, v JUDITH BELSKY, Respondent.— In a matrimonial action in which the parties were divorced by a judgment entered April 3, 1985, in which the provisions of a stipulation entered into by the parties in open court were incorporated but not merged, the plaintiff husband appeals from so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated August 17, 1989, as denied his motion, inter alia, to modify the judgment of divorce to award him sole custody of the parties' son and child support.

Ordered that the appeal from so much of the order as denied that branch of the plaintiff's motion which was for a change of custody is dismissed as academic; and it is further,

Ordered that the order is otherwise affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs; and it is further,

Ordered that the plaintiff-appellant personally, his attorney H. Michael Stern, and the defendant's appellate counsel are directed to appear at this court on May 8, 1991, at 12:00 Noon to be heard upon the issue of the imposition of appropriate sanctions or costs, if any, pursuant to 22 NYCRR 130-1.1.

The parties' only child, Peter, who is the subject of the instant custody dispute, attained the age of 18 on September 22, 1989, approximately one month after the Supreme Court denied the plaintiff's June 1989 motion, inter alia, for sole custody. As Peter has reached the age of majority he can no longer be the subject of a custody order (see, Reich v Reich, 149 AD2d 676; Adamec v Adamec, 81 AD2d 600; Toppel v Toppel, 67 AD2d 628; Silverman v Silverman, 50 AD2d 824). Accordingly, the issue of his custody is now academic (see, Polito v Polito, 168 AD2d 440; Anastasia v Anastasia, 100 AD2d 740), and we need not reach the plaintiff's related claim that there should be an award of child support incident to a change of custody.

The plaintiff's claim that the court erred in denying his motion to modify the judgment of divorce by directing his former wife to contribute to Peter's child support, college expenses and insurance costs, are devoid of merit. Indeed these matters were explicitly provided for in the 1985 stipulation that settled the parties' divorce action. In that stipulation the plaintiff agreed to pay for Peter's college expenses in lieu of continued child support (see, Neckers v Neckers, 160 AD2d 693). Moreover, the plaintiff agreed to pay for all relevant insurance coverage for Peter's benefit. In the absence of any allegations or evidence that any grounds exist to vacate the terms of their agreement (see, e.g., Christian v Christian, 42 NY2d 63), the parties are free to allocate their mutual support obligations (see, Matter of Brescia v Fitts, 56 NY2d 132; Matter of Boden v Boden, 42 NY2d 210; Rubin v Rubin, 119 AD2d 152, affd 69 NY2d 702). As there is no evidence in the record that Peter's needs are not being met, and there has been no change of circumstances which was not anticipated by the parties and provided for in their stipulation of settlement, the plaintiff may not now seek to shift the burden of his voluntarily assumed obligations to the defendant.

At this juncture it would appear that this entire appeal is frivolous within the meaning of 22 NYCRR 130-1.1 (see, McMurray v McMurray, 157 AD2d 773). Indeed, on the eve of Peter's 18th birthday the plaintiff moved for sole custody and financial relief, in direct contravention of the parties' stipulation of settlement. The instant appeal was not perfected until the very date that Peter turned 18. Thus, the custody issue was academic from the very moment the plaintiff's brief and record were received by this court. The other issues raised by the plaintiff are equally devoid of merit as the plaintiff seeks to be relieved of the terms of the agreement to which he was a party, and which the defendant wife now seeks to uphold, without any valid legal reason to justify his requests for relief. The Supreme Court found his motion to be "basically silly". We take a dimmer view of such apparently frivolous conduct which constitutes nothing more than a waste of judicial time and resources. Accordingly, we direct the parties' appellate counsel and the plaintiff personally, to appear before this court on May 8, 1991, at 12:00 Noon, to be heard on the issue of appropriate sanctions or costs, if any, to be assessed pursuant to 22 NYCRR 130-1.1 (see, McMurray v McMurray, supra, at 774; Mechta v Mack, 154 AD2d 440). Sullivan, J. P., Eiber, Miller and Ritter, JJ., concur.