(August 26, 1991)

■ ALAN BELSKY, Appellant, v JUDITH BELSKY, Respondent.— In a matrimonial action in which the parties were divorced by judgment dated April 3, 1985, the plaintiff-appellant and his appellate counsel and the defendant's appellate counsel were directed to appear before this court to be heard on the issue of appropriate sanctions or costs pursuant to 22 NYCRR 130-1.1 to be imposed against the appellant or his attorney for their conduct in pursuing a frivolous appeal from an order of the Supreme Court, Nassau County, dated August 17, 1989 *(see, Belsky v Belsky,* 172 AD2d 576).

Upon the proceedings before this court on May 8, 1991, at which the parties were given an opportunity to be heard, it is,

Ordered, that the plaintiff-appellant's attorney H. Michael Stern is directed, within 20 days after service upon him of a

copy of this decision and order, with notice of entry, to pay to the defendant-respondent Judith Belsky $5,900, representing her costs in defending a frivolous appeal from an order of the Supreme Court, Nassau County (Morrison, J.), dated August 17, 1989.

The facts underlying the instant action were set forth in our prior decision and order (see, Belsky v Belsky, supra) which affirmed an order of the Supreme Court dated August 17, 1989, denying the plaintiff's motion made on the eve of the parties' son's eighteenth birthday, for a change of custody, and for ancillary financial relief. Pursuing an appeal from the denial thereof constituted apparently frivolous conduct because the plaintiff's claims were totally devoid of merit and the motion appeared to be intended more as a vehicle for harassing the ex-wife than for settling any genuine issues of custody and child support. Accordingly, we ordered the appellant and the parties' attorneys to appear before this court, to be heard on the record with respect to the imposition of sanctions or the assessment of costs (see, McMurray v McMurray, 163 AD2d 280; see also, McMurray v McMurray, 157 AD2d 773).

A review of the record of the proceedings before this court on May 8, 1991, confirms our preliminary conclusion that the instant appeal was indeed "frivolous"; i.e.,

"(1) it is completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; or

"(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c]).
In fact, it appears that this appeal qualifies as frivolous under both of the above definitions.

As we previously indicated, the appellant sought a change of custody at a time when the parties' only child, born in September 1971, was four months shy of his eighteenth birthday. Allegedly the son had recently left his mother's physical custody (the parties had joint legal custody) and began residing with the appellant. Although the appellant was seeking a change of custody and an award of child support ancillary thereto, nowhere in the record is there any statement as to the son's wishes on the subject of custody and the record is similarly devoid of any evidence that the son's financial needs were unmet. Clearly, both of these matters should have been addressed had this case presented a genuine custody issue.

The appellant also sought various ancillary pecuniary relief including, *inter alia,* child support from his ex-wife, a 50% contribution towards the son's college expenses, counsel fees, payment of unreimbursed medical expenses, and a directive that the ex-wife pay for medical, dental and life insurance for the son's benefit. The appellant was thus seeking a significant alteration of the support provisions of the parties' 1985 stipulation which settled their divorce action and which survived and did not merge in the judgment of divorce. However, the modifications of support sought by the appellant were in direct contravention of the express terms of the agreement which, *inter alia,* obligated him to pay for the son's support, college expenses and insurance needs.

Moreover, the agreement provided for every contingency which has arisen and which the appellant cites as an alleged changed circumstance. Under the terms thereof, the appellant continues to be directly responsible for the son's support. While the appellant now regards the terms of this agreement to be one-sided in his ex-wife's favor, it is clear that he lacked any good faith basis or legal argument to support modification of the support provisions of the agreement. As previously noted, no evidence was offered to prove that the son's needs were not being met.

The Supreme Court, in denying the appellant's motion, characterized it as "basically silly". Despite the fact that the son's eighteenth birthday was rapidly approaching, counsel for the appellant rushed to perfect this appeal. The custody issue was academic from the moment the appellant's brief and record were filed with this court. The appellant's counsel acknowledges now that the custody issue was academic, but he nevertheless pursued this appeal to challenge, *inter alia,* the fact that the Supreme Court erroneously ruled that the son had attained the age of majority, when in fact he was approximately one month shy of his eighteenth birthday at the time the order appealed from was issued. While it is clear that the Supreme Court erroneously characterized the son's age at the time of its determination, this mischaracterization is of no moment since the court's disposition on the merits was clearly correct and the appellant's attorney was aware that the custody determination was beyond appellate challenge once the son turned eighteen. In fact, counsel acknowledged that because the son was approaching his eighteenth birthday, "there was no time for reargument" in the Supreme Court, yet he nevertheless pursued this appeal. Clearly, the intentional pursuit of an appeal which an attorney knows to be

largely academic, and which presents no such issues which otherwise warrant review *(see, e.g., Matter of Hearst Corp. v Clyne,* 50 NY2d 707; *Matter of Sherry Lehmann, Inc. v New York State Liq. Auth.,* 160 AD2d 538) should be considered frivolous. Moreover, the appellant lacked any basis in law or fact to modify the terms of the separation agreement. Thus, the appeal from the denial of this relief, while not academic, was nonetheless frivolous.

Since the respondent incurred costs of approximately $5,900 to defend against this frivolous appeal, the appellant's counsel, H. Michael Stern, is directed to remit this amount to the respondent, Judith Belsky, to compensate for her costs and to deter such frivolous appeals in the future *(see, Strout Realty v Mechta,* 170 AD2d 499). Sullivan, J. P., Eiber, Miller and Ritter, JJ., concur.