■ RICHARD H. JOHNSON, Appellant, v PENN MUTUAL LIFE INSURANCE COMPANY, Respondent.—Appeal from order of Supreme Court, New York County (Myriam Altman, J.) entered June 26, 1991, which granted defendant's motion for summary judgment dismissing the complaint and imposing sanctions in the form of attorneys' fees against plaintiff deemed an appeal from the judgment of said court and Justice entered August 9, 1991, and that judgment is unanimously affirmed, with costs.

The complaint in the instant action was dismissed upon the ground that plaintiff was collaterally estopped from raising the issues asserted therein by virtue of a determination of the New York State Insurance Department, which had found plaintiff guilty of certain misconduct including the forging of policy holders' signatures. "The doctrine of collateral estoppel

precludes a party from relitigating 'an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point' [citations omitted]" *(Kaufman v Lilly & Co.,* 65 NY2d 449, 455), and is applicable to prior determinations made in an administrative forum *(see, Ryan v New York Tel. Co.,* 62 NY2d 494).

The issue of defendant's conduct was fully litigated in that administrative proceeding. We note also that as a result of this misconduct defendant was fined and suspended by the National Association of Securities Dealers. The claim of subornation of perjury by defendant bears directly on the issue of the veracity of the witnesses which of necessity was determined by the administrative tribunal. Plaintiff has failed to demonstrate that he did not have the opportunity to address the issue at the administrative hearing.

Under the circumstances presented by this record, the sanction imposed was warranted. Concur—Murphy, P. J., Carro, Milonas, Wallach and Smith, JJ.