■ DENISE SOLOMON, Plaintiff, v WILLARD L. BARTLEY, Defendant, POKORNY, SCHRENZEL & POKORNY, P. C., Nonparty Appellant, and IAN J. GURA, Nonparty Respondent. [610 NYS2d 602] —In a negligence action to recover damages for personal injuries, Pokorny, Schrenzel and Pokorny, P. C., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ramirez, J.), dated April 8, 1992, as granted the plaintiff's motion, *inter alia,* to substitute Ian Jay Gura for it as counsel.

Ordered that the order is affirmed, with costs; and it is further,

Ordered that the nonparty appellant, by Marvin Emmer, and the nonparty respondent, Ian Jay Gura, are directed to appear at this Court on May 11, 1994, at 12:00 noon, to be heard on the issue of the imposition of appropriate sanctions or costs, if any, pursuant to 22 NYCRR 130-1.1.

Marvin Emmer, of Pokorny, Schrenzel and Pokorny, P. C., was retained by the plaintiff in connection with an action for personal injuries which she had sustained in an automobile accident. When the plaintiff became dissatisfied with Mr. Emmer's representation, she retained Ian Jay Gura to handle the matter. Both the plaintiff and Mr. Gura wrote to Mr. Emmer advising him that the plaintiff had retained Mr. Gura, but Mr. Emmer resisted the termination of his employment. The plaintiff then moved, *inter alia,* to substitute Mr. Gura for Pokorny, Schrenzel and Pokorny, P. C., and Mr. Emmer cross-moved, *inter alia,* for a lien on the plaintiff's recovery, if any. The Supreme Court discharged Mr. Emmer, granted him a lien on any recovery of the plaintiff, and directed him to turn the plaintiff's file over to Mr. Gura upon the payment of his costs, disbursements, and fees. Mr. Emmer now appeals.

It is well settled that a client has an absolute right to discharge her attorney with or without cause *(see, Lai Ling*

*Cheng v Modansky Leasing Co.,* 73 NY2d 454; *Jacobson v Sassower,* 66 NY2d 991). Mr. Emmer has acknowledged the existence of this right. Moreover, the plaintiff's letter to Mr. Emmer notifying him of her decision to change attorneys was sufficient to terminate his employment *(see, Pratt v Hurley,* 2 AD2d 983). The Supreme Court's order granting him a lien on the plaintiff's recovery, if any, and directing that he be paid before surrendering the file adequately protected Mr. Emmer's pecuniary interests *(see, Fields v Casse,* 182 AD2d 738; *Andreiev v Keller,* 168 AD2d 528). Accordingly, Mr. Emmer received appropriate and fair treatment and has absolutely no basis for this appeal.

It would, therefore, appear that this entire appeal is frivolous within the meaning of 22 NYCRR 130-1.1 *(see, Belsky v Belsky,* 172 AD2d 576). Accordingly, we direct Mr. Emmer and Mr. Gura to appear before this Court on May 11, 1994, at 12:00 noon, to be heard on the issue of appropriate sanctions or costs pursuant to 22 NYCRR 130-1.1, if any *(see, Belsky v Belsky, supra; McMurray v McMurray,* 157 AD2d 773). Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.