■ DENISE SOLOMON, Plaintiff, v WILLARD L. BARTLEY, Defendant. POKORNY, SCHRENZEL & POKORNY, P. C., Nonparty Appellant; IAN J. GURA, Nonparty Respondent. [615 NYS2d 711] —In a negligence action to recover damages for personal injuries, the non-party appellant, by counsel Marvin Emmer, was directed to appear before this Court to be heard on the issue of appropriate sanctions or costs pursuant to 22 NYCRR 130-1.1 to be imposed against it for its conduct in pursuing a frivolous appeal from an order of the Supreme Court, Kings County, dated April 8, 1992 *(see, Solomon v Bartley,* 203 AD2d 449).

Upon the proceedings before this Court on May 18, 1994, at which the parties were given an opportunity to be heard; it is,

Ordered that the non-party appellant Pokorny, Schrenzel & Pokorny, P. C., is directed, within 20 days after service upon it of a copy of this decision and order with notice of entry, to pay to the non-party respondent, Ian Jay Gura, Esq., $2,500, representing his fee in defending a frivolous appeal from an order of the Supreme Court, Kings County (Ramirez, J.), dated April 8, 1992, and to pay $2,500 to the Client's Security Fund of the State of New York.

In our prior decision and order dated April 18, 1994, we determined that the appeal appeared to be frivolous insofar as the non-party appellant through Mr. Emmer was objecting, without any basis in law or fact, to the Supreme Court's order directing it to turn over the plaintiff's file to Mr. Gura, notwithstanding the plaintiff's express wishes that Mr. Gura assume her representation, and notwithstanding that the

order on appeal adequately protected the non-party appellant's pecuniary interests. During the proceedings before this Court on May 18, 1994, Mr. Emmer attempted to justify his resistance to the plaintiff's decision to discharge him and his firm by charging that substituted counsel, Mr. Gura, had improperly interfered with Mr. Emmer's case. However, notwithstanding Mr. Emmer's irrelevant opinions as to Mr. Gura's alleged unethical conduct, the plaintiff had the absolute right to change attorneys and the Supreme Court's April 8, 1992, order awarded Mr. Emmer and his firm a lien on any recovery plus payment of disbursements prior to surrender of the file. Mr. Emmer thus received the very relief which he sought in his motion before the Supreme Court yet he still refused to surrender the file. Clearly an appeal was not necessary to affirm Mr. Emmer's feelings that Mr. Gura "should not have been rewarded for his intrusion in this case". Furthermore, Mr. Gura demonstrated that Mr. Emmer's persistent refusal to turn over the file necessitated additional motion practice by Mr. Gura to protect the plaintiff's rights.

Accordingly, we direct that the non-party appellant pay Mr. Gura costs commensurate with the efforts he expended to respond to this utterly frivolous appeal, plus $2,500 in sanctions to deter such frivolous appeals in the future *(see, Belsky v Belsky,* 175 AD2d 900; *McMurray v McMurray,* 163 AD2d 280).* Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.