■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel. PATRICIA D. MINARDI, Appellant, v ZITA CESNAVICIUS, Respondent. [617 NYS2d 188] —In a proceeding to direct the respondent, Zita Cesnavicius, the wife and court-appointed conservator of the petitioner's 46-year-old son, to arrange visitation between the petitioner and the petitioner's family and her son, which was commenced by a writ of habeas corpus, the petitioner, Patricia D. Minardi, appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Gurahian, J.), entered December 3, 1993, as, upon granting the respondent's motion to dismiss for lack of subject matter jurisdiction, dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

As the result of a 1987 automobile accident, the appellant's son suffered diffused brain damage and other physical and neural injuries which included an inability to recognize the difference between reality and falsity. The respondent, the son's wife, was appointed by the court as the son's conservator. The respondent took care of the son and permitted the petitioner and other members of the son's family to visit him. The respondent later required that the family's visits be conducted in her presence or in the presence of the son's attorney, who was representing the son in a lawsuit against the State for the injuries that the son had suffered from the accident. The respondent alleged that such supervision was intended to ensure that the son's rights regarding the pending lawsuit were not violated. The appellant objected to such supervision during the family's visits and commenced this proceeding by writ of habeas corpus seeking an order directing the respondent to permit unsupervised visits between the son and his family.

The petitioner has no legally cognizable right to compel visitation with her 46-year-old married son. While a writ of habeas corpus may be utilized to obtain and enforce visitation

rights as to minor children *(see, Matter of Alison D. v Virginia M.,* 77 NY2d 651, 656), the right of parental custody is extinguished when the child reaches the age of majority *(see, Belsky v Belsky,* 172 AD2d 576; *Pizzuto v Pizzuto,* 162 AD2d 443; *Toppel v Toppel,* 67 AD2d 628). The right to visitation is an incident of custody and is also extinguished when a child reaches the age of majority *(see, Matter of Jane S. D. v Frances X. D.,* 110 Misc 2d 737 [order of visitation could not require children who had reached the age of majority to visit their father]). Miller, J. P., Joy, Altman and Goldstein, JJ., concur.