■ EUGENE F. FRINK, Appellant, v GELLERT & CUTLER,

P. C., Respondent. [619 NYS2d 148] —In an action to recover damages for legal malpractice, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Hillery, J.), entered July 6, 1993, which, upon dismissing the complaint, imposed sanctions upon the plaintiff pursuant to 22 NYCRR 130-1.1 in the amount of $3,931.95.

Ordered that the judgment is affirmed, with costs.

The defendant law firm represented the plaintiff's former wife during divorce proceedings, as well as in litigation instituted by the plaintiff in the Supreme Court, Westchester County, in an attempt to relitigate equitable distribution matters. After the Westchester action was dismissed, *inter alia,* because the issues were determined by the doctrine of res judicata, the plaintiff instituted the present action against the defendant to recover damages for malpractice. However, since the defendant never represented the plaintiff, and there were neither allegations nor evidence that the firm's representation of the former wife was motivated by malicious intentions, the allegations of the complaint do not state a cause of action to recover damages for legal malpractice *(see, Nicoleau v Brookhaven Mem. Hosp. Ctr.,* 181 AD2d 815; *see also, Cronin v Scott,* 78 AD2d 745; *Gifford v Harley,* 62 AD2d 5, 7).

Contrary to the plaintiff's contention, monetary sanctions may be imposed against him pursuant to the Uniform Rules for Trial Courts, 22 NYCRR 130-1.1 (c) (1), even though he instituted the action prior to January 1, 1989, the effective date of the rule *(see, Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway,* 76 NY2d 411, 414; *see also, McMurray v McMurray,* 157 AD2d 773, 774; *Forstman v Arluck,* 149 Misc 2d 929, 932). The plaintiff did not make his fraud claim until it became clear that the malpractice claim would fail, more than two years after the complained-of conduct had occurred. Moreover, despite the obvious lack of merit in the malpractice claim, and the fact that the fraud claim was palpably insufficient to state a cause of action, the plaintiff, an attorney, continued to assert the meritoriousness of the claims after January 1, 1989. In fact, the plaintiff was still arguing the merits of his claims at the hearing during which the amount of sanctions was determined, despite the fact that the Supreme Court had ruled on the merits of the defendant's motion to dismiss the original complaint and the plaintiff's motion to amend. The foregoing conduct, viewed in conjunction with the extended history of unmeritorious litigation instituted by this plaintiff in other courts, evidences a

continuing pattern of frivolous behavior which warrants the imposition of sanctions *(see, Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway, supra,* at 414; *see also, McMurray v McMurray, supra,* at 774). Sullivan, J. P., Balletta, Joy and Altman, JJ., concur.