■ In the Matter of MONIQUE LEVITT, Petitioner, and AL-FRED A. LEVITT, Appellant, v CHASE MANHATTAN BANK, Respondent. [625 NYS2d 618] —In a proceeding, *inter alia,* to remove Chase Manhattan Bank as co-trustee of the marital trust created pursuant to article three, part I, of the last will and testament of Alfred S. Levitt, the petitioner Alfred A. Levitt appeals from an order and decree (one paper) of the Surrogate's Court, Nassau County (Radigan, S.), dated June 22, 1993, which denied his motion, in effect, to vacate an amended decree of the same court, dated March 21, 1986, and awarded the respondent costs pursuant to 22 NYCRR 130-1.1 (c) in the amount of $1,000.

Ordered that the order and decree is affirmed, with costs payable by the appellant personally.

We agree with the Surrogate that the appellant's motion to vacate an amended decree that was issued in 1986 in an accounting proceeding is not the proper subject of a removal proceeding in 1993 *(see,* CPLR 5015 [a]; *see, e.g., Gendjoian v Heaps,* 186 AD2d 534). Moreover, the Surrogate correctly found that the appellant's complete failure to notify the

persons who were parties to or interested in the amended decree precludes the grant of any relief to the appellant *(see,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.15).

The Surrogate correctly concluded that the appellant had engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1 (c). Moreover, we decline to disturb the Surrogate's award of costs for such frivolous conduct because it was made in a written decision that set forth the offending conduct and that explained why the Surrogate found the conduct to be frivolous and why the amount it awarded was appropriate *(see,* 22 NYCRR 130-1.2; *see, e.g., Johnson v Penn Mut. Life Ins. Co.,* 184 AD2d 230, 231; *McMurray v McMurray,* 163 AD2d 280, 282; *Mechta v Mack,* 156 AD2d 747). Balletta, J. P., Ritter, Altman and Goldstein, JJ., concur.