■ PHILIP CHU, Respondent, v GREEN POINT SAVINGS BANK,. Appellant, et al., Defendant. [628 NYS2d 527] —In a mortgage foreclosure action, Green Point Savings Bank appeals, as limited by its brief, from stated portions of a judgment of the Supreme Court, Queens County (Lonschein, J.), entered January 11, 1994, which, *inter alia,* (1) awarded summary judgment in favor of Philip Chu dismissing the complaint, and (2) awarded summary judgment in favor of Philip Chu on his seventh counterclaim to the extent of directing Green Point Savings Bank to properly credit his mortgage accounts and to notify all credit reporting agencies that the accounts are in good standing and that no default occurred thereunder.

Ordered that the judgment is affirmed insofar as appealed from, with costs; and it is further,

Ordered that the parties and their counsel are directed to appear before this Court on June 21, 1995, at 12:00 Noon, to be heard on the issue of the imposition of appropriate costs or sanctions, if any, pursuant to 22 NYCRR 130-1.1.

We agree with the Supreme Court that Philip Chu demonstrated that he made timely mortgage payments to the appellant Green Point Savings Bank (hereinafter Green Point), that Green Point personnel improperly credited certain of those payments to another mortgage of Mr. Chu, and that Green Point consequently was in error in determining that Mr. Chu had defaulted on the subject mortgage. Moreover, since no default actually occurred, since Green Point commenced the foreclosure action even after receiving some documentation indicating that the payments had in fact been made, and since Green Point maintained the action even after its representative advised the New York State Banking Department that the action would be discontinued, the Supreme Court properly dismissed the foreclosure action as baseless.

It would, therefore, appear that this entire appeal by Green Point is frivolous within the meaning of 22 NYCRR 130-1.1 *(see, Belsky v Belsky,* 172 AD2d 576). Accordingly, we direct the parties and their counsel to appear before this Court on June 21, 1995, at 12:00 Noon, to be heard on the issue of appropriate costs or sanctions, including appellate counsel fees, pursuant to 22 NYCRR 130-1.1, if any *(see, Belsky v Belsky, supra; McMurray v McMurray,* 157 AD2d 773). Sullivan, J. P., Miller, Thompson and Joy, JJ., concur.