■ HANS JANITSCHEK et al., Appellants, v TRUSTEES OF FRIENDS WORLD COLLEGE et al., Respondents. [671 NYS2d 490] —In an action, *inter alia,* to rescind a contract for the sale of real property, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Floyd, J.), dated April 16, 1997, which, *inter alia,* granted those branches of the defendants' respective motions which were to dismiss the complaint, and (2) an order of the same court, dated July 23, 1997, which granted those branches of the defendants' respective motions which were to impose sanctions against two of the plaintiffs and their attorney pursuant to 22 NYCRR 130-1.1.

Ordered that the orders are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

In 1991, the plaintiff George Nicklin, among others, commenced an action entitled *New York Yearly Meeting of the Religious Society of Friends v Barmen* (hereinafter the *Barmen* action) in the Supreme Court, New York County, to enjoin Friends World College (hereinafter the College) from entering into an affiliation agreement with Long Island University. The Supreme Court, New York County, in an order dated April 3, 1991, held that Nicklin did not have standing to commence the action. Notwithstanding that ruling, in July 1992, Nicklin moved to enjoin the College from entering into a settlement agreement with the remaining plaintiff in the *Barmen* action.

In denying the motion, the Supreme Court, New York County, in an order dated September 17, 1992, stated again that Nicklin lacked standing and warned him that it would impose sanctions if he moved for any other relief. In July 1996, Nicklin, joined by the plaintiff Dana Raphael, interposed an answer in a special proceeding commenced by the College pursuant to New York State Not-For-Profit Corporation Law § 511 in the Supreme Court, Suffolk County, for leave to dispose of its former campus. The Supreme Court granted the College's motion to strike the answer on the ground that Nicklin and Raphael did not have standing to challenge the proposed sale and we have affirmed that decision (*see, Matter of Friends World Coll. v Nicklin,* 249 AD2d 393 [decided herewith]).

In August 1996 Nicklin and Raphael, joined by the plaintiff Hans Janitschek, commenced the present action, *inter alia,* to rescind the affiliation agreement and the contract to sell the College campus. The Supreme Court, Suffolk County, properly dismissed the complaint as barred by the doctrine of collateral estoppel. It is well settled that the doctrine of collateral estoppel precludes a party from relitigating "an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point" (*Gilberg v Barbieri,* 53 NY2d 285, 291). Although Janitschek was not a party in the previous actions, he was also collaterally estopped from commencing the instant action because he was in privity with Nicklin and Raphael. To establish privity for estoppel purposes, "the connection between the parties must be such that the interests of the nonparty can be said to have been represented in the prior proceeding" (*Green v Santa Fe Indus.,* 70 NY2d 244, 253). Janitschek, like Nicklin and Raphael, claimed to be a trustee of the College. However, that claim was judicially rejected on at least three prior occasions.

Moreover, the Supreme Court properly imposed sanctions pursuant to 22 NYCRR 130-1.1 against Nicklin and Raphael, as well as their attorney, for engaging in frivolous conduct. In determining whether conduct is frivolous, the court must consider, among other issues, "whether or not the conduct was continued when its lack of legal or factual basis was apparent or should have been apparent to counsel" (22 NYCRR 130-1.1 [c] [2]). Inasmuch as it has been clear since 1991 that there was no legal or factual basis upon which the plaintiffs could contest the actions of the College, the imposition of sanctions was warranted (*see, Matter of Sud v Sud,* 227 AD2d 319; *Murray v National Broadcasting Co.,* 217 AD2d 651). O'Brien, J. P., Pizzuto, Santucci and Joy, JJ., concur.