■ PETER D. GACHE, Appellant, v TOWN/VILLAGE OF HARRISON et al., Respondents. [676 NYS2d 198] —In an action, *inter alia,* for a judgment declaring null and void a certain stipulation of settlement entered into by, among others, the defendant Harrison Town Board, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Nastasi, J.), entered May 13, 1997, which, *inter alia,* granted the defendants' motion to dismiss the complaint and imposed sanctions upon the appellant, and (2) a purported order of the same court dated June 4, 1997.

Ordered that the appeal from the purported order is dis-

missed, without costs or disbursements, as the purported order was merely a refusal to sign an order to show cause, which is not an appealable paper (see, CPLR 5701 [a]); and it is further,

Ordered that the order entered May 13, 1997, is affirmed, without costs or disbursements.

The plaintiff seeks to vacate a stipulation entered into by, among others, the defendant Harrison Town Board which settled a prior action commenced by him against the defendant Town/Village of Harrison (hereinafter the Town), which action sought damages for illegal dumping activity conducted by the Town on his property. The Supreme Court properly dismissed the instant complaint on the ground, inter alia, that the court lacked jurisdiction over the Town since the Town was not properly served pursuant to CPLR 311 (a) (5). Furthermore, the plaintiff, a debtor in a bankruptcy liquidation proceeding, lacked standing to bring this action. Upon the commencement of the bankruptcy proceeding, the real property became the property of the estate (see, 11 USC § 541) and, absent consent or inaction, only the bankruptcy trustee may pursue claims on behalf of the estate (see, 11 USC § 323; In re Eisen, 31 F3d 1447; 1 Cowans, Bankruptcy Law and Practice § 2.7, at 156 [6th ed 1994]).

We also agree with the Supreme Court's determination that by commencing this action, particularly after the Supreme Court had summarily dismissed a nearly-identical complaint, the plaintiff engaged in frivolous conduct, warranting the imposition of sanctions (see, 22 NYCRR 130-1.1; Janitschek v Trustees of Friends World Coll., 249 AD2d 368; Frink v Gellert & Cutler, 209 AD2d 664).

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Sullivan, Pizzuto and Joy, JJ., concur.