■ In the Matter of STERLING MINE GROUP et al., Respondents, v TOWN OF RAMAPO et al., Respondents. MARSHA F. COOPERSMITH, Nonparty Appellant. [679 NYS2d 76] —In a proceeding pursuant to RPTL article 7, Marsha F. Coopersmith appeals from an order of the Supreme Court, Rockland County (Pallela, J.), entered August 8, 1997, which granted the petitioners' motion, inter alia, for a substitution of attorneys.

Ordered that the order is affirmed, with costs.

In 1994, Marsha Coopersmith, the nonparty appellant, was retained by the petitioners to continue a previously-commenced tax certiorari proceeding. Although the appellant obtained a judgment in favor of the petitioners, the petitioners became dissatisfied with their inability to enforce the judgment and sought to replace her with new counsel. After the appellant failed to execute a consent to change attorney form, the petitioners moved for a substitution of counsel. The court

discharged the appellant and directed her to turn over her file and "any moneys collected on the file" to the incoming attorneys "forthwith". The court also ordered, *inter alia,* that a hearing be held at a later date on the issue of the appellant's claim for fees, and that a sum of one-third of the moneys collected from her, and one-third of the sums collected from the taxing authorities, be held in escrow pending the outcome of that hearing.

A client has an absolute right to discharge an attorney with or without cause (*see, Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454; *Jacobson v Sassower,* 66 NY2d 991; *Solomon v Bartley,* 203 AD2d 449). In fact, the appellant concedes that the petitioners had the right to dismiss her. Moreover, by letter dated October 22, 1996, the appellant advised the petitioners to get new counsel to enforce the judgment. Nevertheless, the appellant would not consent to have another attorney substituted for her. Under such circumstances, the court properly ordered the substitution (*see, Solomon v Bartley, supra*), despite the fact that there was no action or proceeding pending at the time.

The appellant's remaining contentions are without merit. However, we find no basis to impose a sanction for the taking of a frivolous appeal, as the petitioners request. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.