■ In the Matter of the Estate of Nathan Morrison, Deceased. Silk, Bunks & Suckle, P.C., Respondent; Leonard M. Morrison, Nonparty Appellant. [755 NYS2d 854] —In a proceeding for an accounting, Leonard M. Morrison, the former attorney-in-fact for the decedent and administrator c.t.a. of the decedent's estate, appeals from an order of the Surrogate's Court, Westchester County (Scarpino, S.), dated January 3, 2002, which denied his motion, inter alia, to vacate a prior order of the same court, dated November 9, 1998, and granted the petition of the objectant Silk, Bunks & Suckle, P.C., to hold him in civil contempt of the order dated November 9, 1998.

Ordered that the order is affirmed, with costs payable by the nonparty appellant personally; and it is further,

Ordered that the parties are directed to show cause why an order should or should not be made and entered imposing sanctions and/or costs, if any, against the nonparty appellant pursuant to 22 NYCRR 130-1.1 (c), as this Court may deem appropriate, by filing an original and four copies of his affidavit or affirmation on that issue in the office of the Clerk of the Court and serving one copy of the same on each other on or before May 9, 2003; and it is further,

Ordered that the Clerk of this Court, or his designee, is directed to serve the respective parties or their attorneys with a copy of this decision and order by regular mail.

In January 2000 this Court affirmed an order of the Surrogate's Court, Westchester County, dated November 9, 1998, which directed the appellant to account to the estate (*see Matter of Morrison,* 268 AD2d 436 [2000]). The appellant thereafter moved for leave to reargue, and upon reargument, the Surrogate's Court adhered to its prior determination. On appeal, this Court affirmed and stated that "further review [of the November 9, 1998 order] is barred by the doctrine of the law of the case (*see Duffy v Holt-Harris,* 260 AD2d 595 [1999])" (*Matter of Morrison,* 273 AD2d 475, 476 [2000]). Subsequently, the appellant moved, inter alia, to vacate the November 9, 1998, order. The Surrogate's Court denied the motion and granted the petition of the objectant Silk, Bunks & Suckle, P.C. to hold the appellant in civil contempt of the November 9, 1998, order since he had failed to account, as ordered. The issues raised on this appeal have previously been raised, or could have been raised. Review, therefore, is barred for the same reason stated previously by this Court in *Matter of Morrison (supra)* (*see Duffy v Holt-Harris, supra; see generally People v Evans,* 94 NY2d 499, 502-504 [2000]). Further, we find no merit to the nonparty appellant's contention regarding alleged noncompliance with SCPA 607 (2) in view of the nonparty appellant's undisputed knowledge of the order and its content (*see McCain v Dinkins,* 84 NY2d 216, 226 [1994]; *Underhill v Schenck,* 205 App Div 182, 186-187 [1923]).

Since this appeal represents the appellant's third appeal from the order dated November 9, 1998, which we previously determined was proper, it appears that this appeal may be frivolous within the meaning of 22 NYCRR 130-1.1 (c) (*see Matter of Clean Stores v Pryor, McClendon, Counts & Co.,* 297 AD2d 673 [2002]; *Baghaloo-White v Allstate Ins. Co.,* 270 AD2d 296 [2000]). Accordingly, affirmations or affidavits shall be

submitted on the issue of whether the appeal is frivolous and if so, the appropriate penalty (*see McMurray v McMurray,* 163 AD2d 280 [1990]). Santucci, J.P., Smith, H. Miller and Adams, JJ., concur. [As amended by unpublished order entered April 10, 2003.]