■ LAURENTINO RODRIGUES, Appellant, v FRANK OCCHIPINTI, Respondent. [856 NYS2d 149]—

The Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was for costs against the plaintiff for engaging in frivolous conduct. Conduct is frivolous if "it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]). Inasmuch as the plaintiff admitted that after commencing the action he no longer wanted to pursue it and took no steps to discontinue the action, awarding costs to the defendant to reimburse him for actual expenses and attorney's fees reasonably incurred to defend against and to obtain dismissal of the action was proper (*see* 22 NYCRR 130-1.1 [a]; *Moran v Regency Sav. Bank, F.S.B.*, 20 AD3d 305, 306-307 [2005]; *Timoney v Newmark & Co. Real Estate*, 299 AD2d 201, 202 [2002]; *Janitschek v Trustees of Friends World Coll.*, 249 AD2d 368, 369 [1998]; *cf. Juron & Minzner v State Farm Ins. Co.*, 303 AD2d 463 [2003]).

Furthermore, the Supreme Court properly articulated the basis for its determination pursuant to 22 NYCRR 130-1.2.

The plaintiff's remaining contention is without merit. Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.