■ In the Matter of ROBERT STROUD, Respondent, v MARY VAHL, Appellant. [901 NYS2d 890]—

Appeal from an order of the Family Court, Cattaraugus County (James E. Euken, J.), entered September 29, 2009 in a proceeding pursuant to Family Court Act article 4. The order denied the objections of respondent to the order of the Support Magistrate.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the provision referring the matter to the Support Magistrate and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Cattaraugus County, for further proceedings on the petition.

Memorandum: Petitioner father commenced this proceeding pursuant to Family Court Act article 4 seeking an order directing respondent mother to pay one half of the travel expenses related to his visitation with two of the parties' children who, at the time the proceeding was commenced, were 17 years, 11 months old and 20 years, 11 months old. The Support Magistrate denied the mother's motion seeking, inter alia, to dismiss the petition and referred the matter to Family Court upon determining that the petition concerned custody and visitation and thus was not within his jurisdiction (*see* Family Ct Act § 439 [a]). Family Court denied the mother's objections to the order of the Support Magistrate and determined that the Support Magistrate had subject matter jurisdiction because travel expenses related to visitation with the children constituted child support. The court therefore referred the matter to the Support Magistrate.

We agree with the mother that the Support Magistrate does

not have subject matter jurisdiction over the petition, and we therefore modify the order accordingly. "Support magistrates shall not be empowered to hear, determine and grant any relief with respect to . . . issues of . . . custody [and] visitation" (Family Ct Act § 439 [a]), and travel expenses related to visitation are properly considered custody and visitation issues pursuant to Family Court Act article 6 (*see e.g. Matter of Wellington v Riccardo*, 70 AD3d 1513 [2010]; *Matter of Henderson v Henderson*, 20 AD3d 421 [2005]).

We further conclude that the father is not entitled to reimbursement for travel expenses related to visitation that are incurred after the children reach the age of 18. " 'The right to visitation is an incident of custody and is . . . extinguished when a child reaches the age of majority' " (*Matter of Osmundson v Held-Cummings*, 20 AD3d 922, 923 [2005], *lv denied* 5 NY3d 711 [2005]; *see People ex rel. Minardi v Cesnavicius*, 208 AD2d 663 [1994]). The petition, however, does not specify which of the travel expenses sought are attributable to visitation that occurred before the older child reached the age of majority. We therefore remit the matter to Family Court for further proceedings on the petition consistent with our decision.

We have reviewed the mother's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Fahey, Carni, Sconiers and Pine, JJ.