**John C. JUSTICE, Plaintiff,**

**v.**

**Richard J. ELROD, et al., Defendants.**

**No. 86 C 4394.**

United States District Court,
N.D. Illinois, E.D.

Nov. 24, 1986.

John C. Justice, pro se.

Madeleine S. Murphy, Asst. State's Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

John Justice ("Justice") has filed a pro se Amended Complaint challenging the rule at the Cook County Civic Center promulgated by Chief Judge Harry Comerford of the Circuit Court of Cook County and embodied

in posted notices reading (verbatim or in substance):

All persons entering this building shall submit to search by judicial order.

Justice asks for a declaration confirming his right to enter the Civic Center without subjecting himself to such a search. Defendants have moved for dismissal of the Amended Complaint, and Justice has just filed a response captioned "Reply to Defendants' Motion To Dismiss." For the reasons stated in this memorandum opinion and order, both the Amended Complaint and this action are dismissed.

■ Defendants' initial challenge—disputing Justice's standing to sue because he refused to submit to a search—is nonpersuasive. Were any such search in fact violative of Justice's Fourth Amendment rights,[1] there is no law that compels a party to surrender a constitutional right as the price for asserting it. And the nature of the rule in dispute, under which any entry to the Civic Center (a public building) is conditioned on submission to a search, satisfies both the Article III "case or controversy" requirement *and* the concept of "prudential" standing, as articulated in such cases as *Warth v. Seldin,* 422 U.S. 490, 498–99, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975).[2] Justice therefore surmounts the threshold hurdle of standing.

But because Justice is a nonlawyer, it is quite understandable that he has not come to grips with some of the other problems his Amended Complaint faces. Most particularly he does not realize the Declaratory Judgment Act, 28 U.S.C. § 2201, is not itself a *jurisdiction*-conferring statute, but requires a separate substantive ground for federal jurisdiction. And in this case

that substantive ground can be found only in the protections against unlawful searches and seizures embodied in the Fourth and Fourteenth Amendments.[3] Accordingly the controlling question is whether Justice's federal constitutional rights under those Amendments are indeed implicated by the rule—if not, the case must be dismissed. In light of the nature of the claim Justice must advance, then, this Court cannot take literally his misguided statement that would talk him right out of court (Mem. 3):

2. Plaintiff is not stating a claim for which relief can be granted under 42 U.S.C. 1983. The plaintiff, his ancestors, and his descendants do not claim privileges under the Fourteenth Amendment.

■ When Justice's claims are properly viewed in Fourth and Fourteenth Amendment terms, *McMorris v. Alioto,* 567 F.2d 897 (9th Cir.1978) is on all fours and wholly persuasive. *McMorris* upheld an identical court rule requiring searches, implemented in an identical manner to the one here, because of concerns stemming from threats and episodes of violence affecting public buildings such as the Hall of Justice (at issue in *McMorris*) and the Civic Center (at issue here). Defendants point to the late 1983 murders of Judge Henry Gentile and attorney John Piszczor in a Civic Center courtroom as supporting the rule at issue here.

Justice challenges those murders as an isolated episode and challenges the search-rule response as an overreaction. In that respect, it is of course obvious that though the actual killings occurred three years ago they exemplify the possibility of similar

---

1. As always, this Court follows the customary and convenient—though technically imprecise—practice of referring to the relevant Bill of Rights guaranty, even though the constitutional provision actually involved must be (and is) the Fourteenth Amendment's Due Process Clause.

2. Justice's situation cannot be likened to that of the plaintiff in the "chokehold" case, *City of Los Angeles v. Lyons,* 461 U.S. 95, 105–10, 103 S.Ct. 1660, 1666–69, 75 L.Ed.2d 675 (1983), where plaintiff was found to lack standing to obtain injunctive relief because of the total unlikeli-

hood he would suffer the same harm again. Here Justice continues to seek entry to the Civic Center but must face the search at the door whenever he does so—the epitome of an ongoing live controversy, not merely a past one.

3. Justice Mem. 2 invokes the state counterpart of the Declaratory Judgment Act, Ill.Rev.Stat. ch. 110, ¶ 2–701. Of course this Court cannot draw federal substantive jurisdiction from such a state procedural provision.

occurrences (in *McMorris* there had been a similar killing in a nearby county four years before the search procedures were adopted and seven years before the case reached the Court of Appeals, and that was found enough to uphold the rule). Under Justice's line of analysis, no episode of violence in the past could justify a future rule—and that cannot be so.

Instead the critical principle is that if any *plausible* reason can be advanced for such governmental action (even the realistically perceived possibility of a problem, rather than actual experience), *McMorris* controls and the case is over. It is wholly irrelevant that the governmental decisionmakers in this case did not *say* exactly why they acted as they did, so long as this Court can conceive a rational basis for their action. As *United States Railroad Retirement Board v. Fritz*, 449 U.S. 166, 179, 101 S.Ct. 453, 461, 66 L.Ed.2d 368 (1980) put it:

> Where, as here, there are plausible reasons for Congress' action, our inquiry is at an end. It is, of course, "constitutionally irrelevant whether this reasoning in fact underlay the legislative decision," *Flemming v. Nestor*, 363 U.S. [603], at 612 [80 S.Ct. 1367, at 1373, 4 L.Ed.2d 1435], because this Court has never insisted that a legislative body articulate its reasons for enacting a statute.

*McMorris*, 567 F.2d at 899–900 (citations omitted) speaks to the identical issue in terms directly applicable here:

> The initial inquiry is whether a vital state interest justified the use of some search procedure at the San Francisco Hall of Justice. Both this court and the district court may take judicial notice that threats of violent acts directed at courthouses have given rise to an urgent need for protective measures.... In some cases judicially noted facts may be sufficient by themselves to justify a finding that a vital state interest establishes the necessity for a regulatory search. In any event, the need for the search is established in this case both by facts judicially noted and by specific averments in the record.

Accordingly defendants' motion to dismiss the Amended Complaint must be granted. Because this is Justice's second effort at stating a claim, and because there is no way in which he can recast his pleading that would survive identical attack, this action is dismissed as well.