OPINION OF THE COURT
 

 Per Curiam.
 

 Having unsuccessfully prosecuted two appeals and two prior motions in this court, respondent Henry Modell and Co. (Modell) has now moved for an order "recalling and amending the remittitur” of our 1983 decision upholding petitioner’s right to possess the commercial premises that respondent formerly sublet. The motion is plainly untimely and, for that reason it should be dismissed (22 NYCRR 500.11 [g] [3];
 
 see, e.g., Drzewinski v Atlantic Scaffold & Ladder Co.,
 
 70 NY2d 999). Further, because the motion is utterly without legal support and was evidently made for the purpose of delaying enforcement of petitioner’s seven-year-old judgment, we conclude that, as specifically requested by petitioner, a sanction in the amount of $2,500 should be imposed upon respondent Modell
 
 (see,
 
 22 NYCRR 130-1.1 — 130-1.5).
 
 *
 

 The present motion is the most recent of a lengthy series of efforts by respondent to overturn a 1982 Appellate Division decision awarding petitioner possession of certain commercial space located at 198 Broadway in Manhattan (88 AD2d 511). The underlying dispute concerned respondent’s right to renew its sublease in the face of the decision by the master tenant not to renew its master lease. Respondent took an appeal to this court pursuant to leave granted by the Appellate Division, and we affirmed the Appellate Division order (59 NY2d 170).
 

 Respondent reacted to this decision, which was rendered in 1983, by initiating and pursuing what we later characterized as "a barrage of litigation”
 
 (Modell & Co. v Minister, Elders & Deacon of Refm. Prot. Dutch Church,
 
 68 NY2d 456, 460), including a declaratory judgment action based on a new legal theory, an unsuccessful appeal to this court from the Appellate Division order dismissing that action
 
 (see, id., affg
 
 114 AD2d 751), two postappeal motions addressed to this court’s disposition of that appeal
 
 (see,
 
 69 NY2d 741, 897), and two
 
 *414
 
 separate motions to vacate the dispossess judgment that we upheld in 1983. Each of these motions to vacate was based on purported "newly discovered evidence” and relied upon yet another legal theory. Following the trial court’s denial of the second motion to vacate — and respondent’s unsuccessful attempts both to reargue and to appeal from this denial — respondent made the present motion, which seeks "clarification” of our 1983 ruling.
 

 The motion is "frivolous” within the meaning of rule 130-1.1 (a) of the Uniform Rules for Trial Courts, since it is "completely without merit in law or fact” and "cannot be supported by a[ny] reasonable argument for an extension, modification or reversal of existing law” (22 NYCRR 130-1.1 [c] [1]). In addition to its having been made almost seven years after the time for making such motions expired
 
 (see,
 
 22 NYCRR 500.11 [g] [3]), the motion is procedurally insupportable. Although it has denominated the present request a motion "to recall and amend the remittitur” to "clarify” a prior decision of this court, Modell is, in substance, asking the court to consider yet another "new” legal theory, ostensibly, supported by more "newly discovered evidence”. Notably, much of the "newly discovered evidence” was either available or reasonably discoverable in the early stages of this litigation. Further, the newly coined legal theory is really nothing more than a recast version of Modell’s prior arguments, all of which have already been rejected.
 

 The present motion is also "frivolous” in that it was evidently "undertaken primarily to delay or prolong the resolution of the litigation” (McKinney’s 1990 New York Rules of Court [22 NYCRR] § 130-1.1 [c] [ii]). In reaching this conclusion, we have considered, as part of "the circumstances under which the conduct took place” (22 NYCRR 130-1.1 [c]), the extended history of this litigation and the numerous postjudgment efforts respondent has made to overturn the judgment. While some of the steps respondent took were legitimate and of at least colorable merit, many others, most notably respondent’s two prior reargument motions addressed to this court, its second motion to vacate the judgment and its related efforts to reargue and/or appeal the denial of that motion, were so lacking in factual or legal merit as to demonstrate an intention to use the courts not as a means of resolving a genuine legal dispute but rather as a mechanism to delay respondent’s inevitable eviction. We have also considered respondent’s own status as a sophisticated corporate entity,
 
 *415
 
 the fact that respondent has been represented throughout the litigation by experienced counsel and respondent’s obvious motive to postpone the surrender of valuable commercial premises for as long as possible.
 

 Finally, in fixing the sanction at $2,500, we have taken into account the need to deter respondent from engaging in further frivolous motion practice in connection with this litigation, as well as the facts that petitioner has been unfairly deprived of the use of its property for a protracted period and that the time and attention of more than a dozen Judges of this State have been diverted unnecessarily. We have selected an amount within the lower range of permissible sanctions
 
 (see,
 
 22 NYCRR 130-1.2), because this is the first time that sanctions have been imposed by our court and we deem it prudent to proceed cautiously in this area. While an additional sanction on the attorneys in this case is authorized by the rules, we elect not to impose one, in the absence of a specific request for such relief by Modell’s adversary. Because of these circumstances, we leave for another day the questions of when, and in what situations, the parties’ attorneys should be penalized for "frivolous conduct”.
 

 Accordingly, the motion to recall and amend remittitur should be dismissed, with costs; a sanction in the amount of $2,500 should be imposed upon respondent Henry Modell and Co.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion; Judge Alexander taking no part.
 

 Motion to recall and amend remittitur dismissed with $100 costs and necessary reproduction disbursements. Application for sanctions granted and sanctions in the amount of $2,500 imposed upon Henry Modell and Co., Inc.
 

 *
 

 Petitioner’s express request for the imposition of sanctions pursuant to subpart 130-1 of the rules furnished respondent with adequate notice that such relief would be considered and rendered a formal hearing unnecessary
 
 (see,
 
 22 NYCRR 130-1.1 [d]).