In the Matter of WARREN M. LEVIN, Appellant, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, Respondent.

Third Department, June 13, 1991

### APPEARANCES OF COUNSEL

*Schneider, Harris, Harris & Furnman (Robert H. Harris* and *Sondra I. Harris* of counsel), for appellant.

*Robert Abrams, Attorney-General (Julie S. Mereson* and *Peter G. Crary* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J. P.

During petitioner's hearing on charges of professional misconduct, an expert witness testifying for the Board for Professional Medical Conduct refused to answer a question asked of him on cross-examination by petitioner's counsel as to whether the witness had made prior complaints to that office about petitioner. The Administrative Officer conducting the hearing directed the witness to answer the question. On advice of counsel for the Board for Professional Medical Conduct, the witness continued to refuse to answer the question. The witness was then excused and no further witnesses were called. The Hearing Committee dismissed the charges on the ground that no evidence had been presented. Respondent reversed the Administrative Officer, ruled that the witness was not required to answer the question and remanded the matter to the Hearing Committee to complete the hearing process.

Petitioner thereupon commenced this CPLR article 78 proceeding in the nature of prohibition to preclude any further hearing in view of the denial of petitioner's right to cross-examination by permitting the expert to refuse to answer the question. Supreme Court dismissed the proceeding as inappropriate. We agree.

An almost identical situation was considered by the Court of Appeals in *Matter of Doe v Axelrod* (71 NY2d 484). Therein it was held that respondent was empowered to reverse the ruling of an Administrative Officer, a writ of prohibition is an inappropriate remedy under these circumstances, and the proceeding was premature inasmuch as article 78 review is available following a final agency determination. For these

same reasons, we affirm Supreme Court's dismissal of the petition.

■ In addition to seeking dismissal of the petition, respondent's motion also requested that costs, including reasonable counsel fees, be awarded pursuant to 22 NYCRR 130-1.1 (a) due to petitioner's frivolous conduct within the meaning of 22 NYCRR 130-1.1 (c) (1). As previously noted, respondent's motion to dismiss the petition was granted, but Supreme Court's decision and the judgment entered thereon contain no reference to respondent's motion for costs in particular or the disposition of any other request for relief in general. Supreme Court's failure to exercise its discretionary authority to grant or deny the request and articulate a basis for its decision was clearly improper. Nevertheless, because the final judgment terminated the proceeding, and inasmuch as 22 NYCRR 130-1.1 (a) refers to an award of costs "in any civil action or proceeding", we are of the view that the judgment precludes respondent from obtaining an award of costs as a result of alleged frivolous conduct in petitioner's commencement of the proceeding. Respondent was, therefore, aggrieved by Supreme Court's termination of the proceeding without ruling on the request for costs and could have taken an appeal from the judgment. Respondent did not do so and, therefore, we cannot grant him any relief.

■ As to respondent's request to award costs or impose sanctions against petitioner on this appeal, 22 NYCRR subpart 130-1 empowers this court to award costs and/or impose sanctions against a party and/or his attorney for engaging in frivolous conduct at the appellate level *(see, Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway,* 76 NY2d 411). Respondent's request for costs or sanctions pursuant to 22 NYCRR subpart 130-1 in his brief on appeal constituted sufficient notice that such relief would be considered and rendered a formal hearing unnecessary *(see, supra,* at 413 n). We are of the view that the prosecution of this appeal constituted frivolous conduct within the meaning of 22 NYCRR 130-1.1 (c) (1) inasmuch as the legal issue is controlled by the Court of Appeals case relied upon by Supreme Court and petitioner's attempts to distinguish the case are feeble at best. Nevertheless, we decline to award costs or impose sanctions against petitioner. The controlling legal principle, involving the propriety of an article 78 proceeding in the nature of prohibition, is a technical one, and petitioner cannot be faulted for failing to fully comprehend the merits of

the legal argument presented on his behalf. In contrast to the party against whom the Court of Appeals imposed sanctions in *Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway (supra)*, petitioner did not initiate a "barrage of litigation" or pursue other patently meritless tactics which tax the judicial system *(see, Matter of Woodard v New York State Bd. of Parole*, — AD2d — [Apr. 4, 1991]). Nor is there anything in the record to suggest that petitioner actually was aware of the frivolous nature of his appeal and elected to pursue it anyway.

■ Petitioner's attorney, however, knew or should have known that the appeal was frivolous, but we decline to impose sanctions against the attorney. The relevant court rule authorizes the imposition of sanctions against an attorney after a reasonable opportunity to be heard "upon the court's own initiative", without the need for a specific request by the opposing party (22 NYCRR 130-1.1 [d]).* Nevertheless, in the *Dutch Church* case, the Court of Appeals concluded that "[w]hile an additional sanction on [Modell's] attorneys in this case is authorized by the rules, we elect not to impose one, in the absence of a specific request for such relief by Modell's adversary" (76 NY2d 411, 415, *supra).* Because the conduct of petitioner's attorney in pursuing the frivolous appeal herein is no more egregious than the conduct of the attorneys in the *Dutch Church* case, who brought on a motion that was "plainly untimely" under the court rules *(supra,* at 413), we will follow the Court of Appeals' lead and elect not to impose sanctions against petitioner's attorney in the absence of a specific request for such relief by respondent.

MIKOLL, YESAWICH, JR., MERCURE and CREW III, JJ., concur.

Ordered that the judgment is affirmed, without costs.

---

* As previously noted, such a request would provide notice and the opportunity to be heard to the attorney against whom sanctions are sought, but the rule is sufficiently broad to permit the court itself to give the necessary notice and opportunity to be heard.