■ VICOM, INC., Appellant, v SILVERWOOD DEVELOPMENT, INC., et al., Respondents.—Judgment unanimously modified on

the law and in the exercise of discretion and as modified affirmed without costs in accordance with the following Memorandum: We deem plaintiff's appeal to be from the final judgment directing it to pay a sanction (see, 22 NYCRR 130-1.1) totaling $9925, $8425 to defendants' attorneys and $1500 to the State. The issues presented are whether the court abused its discretion in imposing a sanction on plaintiff for commencing an action in New York without a jurisdictional basis and for persisting in asserting that New York had jurisdiction, and whether the amount of the sanction is excessive.

The court erred in finding that it was frivolous for plaintiff to commence the action in New York rather than Texas, the forum designated by the lease agreement. Under New York law, a plaintiff has no obligation to plead a basis for personal jurisdiction, nor to demonstrate such basis as a threshold matter. An absence of jurisdictional basis results in lack of personal jurisdiction, a defense that defendant must raise or be deemed to have waived (CPLR 3211). Thus, it cannot be said that plaintiff acted without a good faith legal or factual basis in choosing New York as a forum and in placing the onus on defendants to raise the defense of lack of personal jurisdiction. For the same reason, it was error for the court to conclude that "if plaintiff had not commenced the lawsuit in New York, defendant would not have incurred any of its New York legal fees", and in consequently ordering plaintiff to pay defendants' entire legal fee of $8425.

The court properly sanctioned plaintiff for maintaining the action after defendants had asserted a valid jurisdictional objection, and for repeating groundless and misleading assertions that defendants had consented to suit in New York. Nevertheless, the amount of the sanction assessed by the court, $9925, is disproportionate to the amount sought in the lawsuit, the culpability of plaintiff's conduct, and the prejudice to defendants. In the exercise of our discretion, we reduce the sanction to $4000, $2500 of which plaintiff is to pay to defendants' attorney, and $1500 of which plaintiff is to pay to the State. (Appeal from Judgment of Supreme Court, Onondaga County, Mordue, J.—Dismiss Complaint.) Present—Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.