■ ROSE VALLEY JOINT VENTURE, Plaintiff, v APOLLO PLAZA

ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents. MONT-EAST GAS SUPPLY, INC., et al., Third-Party Defendants-Appellants. [595 NYS2d 122] —Casey, J. Appeal from an order of the Supreme Court (Bradley, J.), entered June 2, 1992 in Sullivan County, which denied third-party defendants' motion for, *inter alia,* counsel fees.

Alleging that the claims contained in the third-party complaint were frivolous, third-party defendants moved for an order awarding costs and reasonable counsel fees and/or imposing sanctions, pursuant to CPLR 8303-a and 22 NYCRR 130-1.1. The motion was made on January 21, 1992, more than one year after entry of Supreme Court's judgment dismissing the third-party complaint. That judgment was affirmed by this Court on December 5, 1991 (178 AD2d 695). Supreme Court dismissed third-party defendants' motion, concluding, *inter alia,* that the motion was untimely.

We agree with Supreme Court that this motion, brought more than one year after entry of the judgment dismissing the third-party complaint, is untimely. CPLR 8303-a (a) authorizes an award of costs and reasonable counsel fees for certain conduct "that is found, *at any time during the proceedings or upon judgment,* to be frivolous by the court" (emphasis supplied). 22 NYCRR 130-1.1 (a) similarly authorizes an award of costs or the imposition of sanctions "in any civil action or proceeding". We have previously held that because a final judgment terminated a proceeding, the judgment precluded a respondent from obtaining an award of costs pursuant to 22 NYCRR 130-1.1 (a) for frivolous conduct in the petitioner's commencement of the proceeding *(Matter of Levin v Axelrod,* 168 AD2d 178, 181), and we see no reason to reach a different result here. Both the statute and the regulation contemplate an award of costs within the context of the civil action or proceeding in which the frivolous conduct is alleged to have occurred. Neither the statute nor the regulation authorizes the commencement of a separate proceeding after the action or proceeding in which the frivolous conduct is alleged to have occurred has been terminated by entry of the final judgment, which is what third-party defendants are attempting to do here. Supreme Court's order dismissing third-party defendants' application should, therefore, be affirmed.

Mikoll, J. P., Levine, Mercure and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.