■ BOARD OF EDUCATION OF LIVERPOOL CENTRAL SCHOOL DISTRICT, Appellant, v FRANK ALLEN, Respondent. [596 NYS2d 614] —Order and judgment unanimously affirmed with costs, judgment ordered imposing sanction and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendant filed a claim with the New York State Division of Human Rights (SDHR) alleging discrimination based on his race and religion. During the pendency of the SDHR proceedings, plaintiff served a notice of deposition upon defendant, relying on Education Law § 1724. Defendant asserted that the statute, on its face, did not permit plaintiff to take his deposition and that, having chosen his remedy, defendant was entitled to an administrative determination of his allegations of discrimination. Plaintiff persisted in its attempt to take defendant's deposition by commencing a declaratory judgment action regarding the application of section 1724. Defendant answered the complaint and was served with a demand for a verified bill of particulars. Defendant's counsel advised plaintiff's counsel that defendant would not appear at the deposition, asserting that the action was commenced in retaliation for defendant's filing of the claim with the SDHR. Plaintiff moved for an order of preclusion. Both defendant and plaintiff cross-moved for summary judgment on the application of section 1724. The IAS Court granted defendant's motion and dismissed the complaint.

There is no merit to plaintiff's contention that section 1724 permits it to take defendant's testimony under the circumstances presented here. That section is entitled "Form and audit of claims" and, in pertinent part, authorizes the Board of Education of a Union Free School District "in considering any claim" to require "any person presenting the same * * * to give testimony relative to the justness and accuracy of such claim" (Education Law § 1724 [2]). The SDHR, not plaintiff, is "considering" defendant's claims of discrimination. Plaintiff has cited no authority for its position that section 1724 (2) alters the procedures established by the SDHR in considering discrimination claims. In our view, plaintiff has subjected defendant to considerable and frivolous litigation, which litigation defendant sought to avoid by filing his claim with the SDHR.

The appeal is a continuing effort by plaintiff "to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]) and we therefore order that judgment be entered in accordance with 22 NYCRR 130-1.2 imposing a sanction against plaintiff in the amount of $1,000. Further, we conclude that plaintiff should compensate defendant for "costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees" as a result of this appeal (22 NYCRR 130-1.1 [a]). Plaintiff has been given a reasonable opportunity to be heard and, in fact, responded to defendant's request for sanctions and attorney's fees in its reply brief (see, 22 NYCRR 130-1.1 [d]; *Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway*, 76 NY2d 411, 413, n). With respect to the amount of reasonable costs and attorney's fees, we remit the matter for a hearing to determine the "costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees" and for an order directing that judgment be entered therefore in accordance with 22 NYCRR subpart 130-1. (Appeal from Order and Judgment of Supreme Court, Onondaga County, Pooler, J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.