■ In the Matter of ALAN J. BOZER, Appellant, v THOMAS HIGGINS, as Sheriff of the County of Erie, et al., Respondents. ALBRECHT, MAGUIRE, HEFFERN & GREGG, P. C., Appellant. [613 NYS2d 312] —Judgment modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Petitioner, an attorney, commenced this CPLR article 78 proceeding against the Sheriff of the County of Erie and the Office of Court Administration (OCA), seeking a judgment enjoining respondents from restricting free access to the Erie County Courthouse by means of physical and electronic searches of persons entering the courthouse. Petitioner also sought a declaration that those searches are unconstitutional. Supreme Court dismissed the petition and imposed sanctions against petitioner and his law firm on the ground that the proceeding "is completely without merit in law or fact and is a frivolous lawsuit" *(Bozer v Higgins,* 157 Misc 2d 160, 167).

Supreme Court properly determined that OCA has the authority to implement the searches as security measures to

protect the courts and those persons using the courts *(see, Legal Aid Socy. v Crosson,* 784 F Supp 1127). Such limited courthouse searches to screen for weapons are reasonable under the Federal and State Constitutions *(see,* US Const 4th Amend; NY Const, art I, § 12; *People v Rincon,* 177 AD2d 125, *lv denied* 79 NY2d 1053; *Legal Aid Socy. v Crosson, supra; see also, McMorris v Alioto,* 567 F2d 897; *Downing v Kunzig,* 454 F2d 1230; *Justice v Elrod,* 649 F Supp 30, *affd* 832 F2d 1048; *Barrett v Kunzig,* 331 F Supp 266, *cert denied* 409 US 914). Because petitioner sought declaratory relief, however, the court erred in failing to make a declaration in the judgment. Thus, we modify the judgment by granting judgment declaring that those searches are constitutional and not violative of the Judiciary Law.

We further modify by vacating those parts of the judgment imposing sanctions against petitioner and his law firm. In our view, the court abused its discretion in imposing sanctions under section 130-1.1 (a) of the Rules of the Chief Administrator (22 NYCRR). That section provides that financial sanctions may be imposed upon any party or attorney in a civil action or proceeding who engages in frivolous conduct. Conduct is frivolous within the meaning of the rule only if "it is completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]).

This proceeding does not approach the type of groundless litigation envisioned by the rule *(see, e.g., Matter of Minister of Refm. Prot. Dutch Church v 198 Broadway,* 76 NY2d 411, 413 [postappeal motion "plainly untimely", "utterly without legal support" and evidently undertaken for purpose of delay]; *Vicom, Inc. v Silverwood Dev.,* 188 AD2d 1057, 1058 [sanctions awarded for maintaining action after valid jurisdictional defense had been raised and "repeating groundless and misleading assertions" to oppose defense]). On the contrary, this proceeding raises serious constitutional challenges to respondents' warrantless searches of persons entering Erie County Hall. The fact that the weight of the authority favors respondents or that those challenges were unlikely to succeed does not render petitioner's conduct frivolous *(see, Nolan & Co. v Daly,* 170 AD2d 320; *Matter of Schulz v Washington County,* 157 AD2d 948, 950). Further, it is significant that there is only one New York court decision upholding the type of courthouse search at issue in this proceeding *(see, People v Rincon, supra),* and that decision did not address many of the arguments raised by petitioner. Given the paucity of controlling authority

on the matters raised in the petition, we cannot conclude that this proceeding "is completely without merit in law or fact" (22 NYCRR 130-1.1 [c] [1]).

All concur except Balio and Callahan, JJ., who dissent in part and vote to affirm in the following Memorandum.

Balio and Callahan, JJ. (dissenting in part). We would affirm the judgment of Supreme Court *(Bozer v Higgins,* 157 Misc 2d 160).

Petitioner, an attorney admitted to practice in this State, commenced this CPLR article 78 proceeding against the Sheriff of the County of Erie and the Office of Court Administration (OCA) seeking a declaration that the searches of persons entering the courthouse were unconstitutional. The magnetometer searches were instituted by OCA as a security measure to intercept weapons being brought into the courthouse. The Sheriff's Department conducted the searches pursuant to a contract with OCA. Petitioner alleged that, on August 20, 1992, he went to the Erie County Courthouse to attend a court proceeding and was denied free admittance to the courthouse when he objected to a deputy sheriff searching his briefcase. Petitioner sought to have the searches of persons entering the courthouse declared unconstitutional.

The majority agrees that Supreme Court properly determined that OCA has the authority to implement security measures at court buildings *(Legal Aid Socy. v Crosson,* 784 F Supp 1127). The majority also agrees that courthouse searches have been held to be reasonable under the Federal and State Constitutions. Furthermore, petitioner as an attorney is charged with the knowledge that the courts have determined that such searches are constitutional *(see, People v Rincon,* 177 AD2d 125, *lv denied* 79 NY2d 1053). Therefore, it is frivolous, under the circumstances of this case, for petitioner to commence this proceeding against the Sheriff for performing assigned duties and against OCA for implementing security measures at court buildings.

A court, in its discretion, may award costs, including reasonable attorney's fees, to a party in a civil action or proceeding before the court, and may also impose financial sanctions upon any party or attorney who engages in frivolous conduct (22 NYCRR 130-1.1). Conduct is considered "frivolous" if "it is completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]). We agree with Supreme Court's assessment that petitioner's

article 78 proceeding is frivolous. Given the lack of factual basis for petitioner's claim, as well as the quality of legal argument presented by petitioner and his law firm, Supreme Court did not abuse its discretion in imposing financial sanctions upon petitioner and his law firm for subjecting respondents to this frivolous litigation (see, 22 NYCRR 130-1.1; *Matter of Minister of Refm. Prot. Dutch Church v 198 Broadway,* 76 NY2d 411; *Board of Educ. v Allen,* 192 AD2d 1099, *lv dismissed* 82 NY2d 846). (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—Article 78.) Present—Green, J. P., Pine, Balio, Callahan and Boehm, JJ. *[See,* 157 Misc 2d 160.]