Stanley Parness, J. P.
(dissenting). While I agree that trial counsel’s objectionable conduct was sanctionable, I respectfully dissent from so much of the majority opinion as permits, in the aggregate, the imposition of sanctions in the amount of $62,000 upon trial counsel in these jointly tried nonpayment proceedings. For the benefit of the court and the parties, the proceedings were tried together because of the presence of common questions of law and fact relating to tenants’ habitability claims. Manifestly, the cases were treated as one litigation at nisi prius, and sanctions were assessed by the court because of a general pattern of trial misconduct not attributable to or divisible among the individual cases. 22 NYCRR 130-1.2 provides: "In no event shall the total amount of costs awarded and sanctions imposed exceed $10,000 in any action or proceeding”. If the several nonpayment proceedings had been consolidated under one caption, it is clear that sanctions in excess of $10,000 would not have been authorized. The fact that the mechanism of a joint trial was utilized instead should not allow for the pyramiding of sanctions beyond the intended $10,000 maximum, thus exacting a cumulative penalty which could not have been reasonably contemplated at the time 22 NYCRR part 130 was promulgated.*
Absent a statute or court rule, there is no inherent power to impose sanctions for frivolous litigation or conduct (Matter of *571 A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1). The Court of Appeals has instructed that "it [is] prudent to proceed cautiously in this area” (Matter of Minister of Refm. Prot. Dutch Church v 198 Broadway, 76 NY2d 411, 415). That admonition will best be heeded by strictly construing a court rule that is in derogation of the common law, and by carefully observing its monetary limits for sanctions within the same litigation.
Accordingly, the order below, insofar as it relates to appellant LeFlore, should be modified to the extent of reducing the total sanction to the sum of $10,000.
McCooe and Glen, JJ., concur; Glen, J., concurs in a separate memorandum; Parness, J. P., dissents in part in a separate memorandum.

 Carried to its ultimate conclusion, a total sanctions award of $620,000 would be cognizable in these proceedings, an amount surely confiscatory under any view.