■ In the Matter of GEORGE JEMZURA et al., Petitioners, v CARL J. MUGGLIN, as Justice of the Supreme Court, Respondent. [616 NYS2d 104] —Per Curiam. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, *inter alia,* remove respondent from the office of Justice of the Supreme Court.

In 1993, petitioners commenced a CPLR article 78 proceeding by order to show cause against New York State Electric and Gas Inc. (hereinafter NYSEG) and others. This proceeding was yet another in a series of actions and proceedings commenced by petitioners over the past 17 years essentially concerning the same set of facts. Specifically, the gravamen of petitioners' underlying actions and proceedings is their belief that NYSEG is obligated to provide electric service to their 100-acre farm located in the Town of New Lebanon, Madison County, as well as bear the cost of that project. Respondent granted NYSEG's motion to dismiss the petition; petitioners' subsequent motions for reconsideration were denied. Although petitioners filed a notice of appeal, they failed to perfect their appeal, which is now deemed abandoned *(see,* 22 NYCRR 800.12).

This proceeding, commenced in this Court pursuant to CPLR 506 (b) (1), is an attempt to have respondent removed from his office on grounds, *inter alia,* that he is incompetent. Additionally, petitioners seek writs of prohibition and mandamus, a declaration, and compensatory and punitive damages. Respondent has moved to dismiss the petition and petitioners have cross-moved to strike respondent's motion to dismiss, to declare respondent in default, to grant judgment in their

favor, to sanction the Assistant Attorney-General whose affidavit supports the motion to dismiss and to proceed to trial.

Sifting through the myriad of alleged statutory and constitutional violations leveled against respondent as well as the prolix allegations in the petition, we are of the opinion that this proceeding represents nothing more than petitioners' dissatisfaction with the resolution of their most recent CPLR article 78 proceeding against NYSEG and is an attempt to attack collaterally respondent's determinations and to relitigate issues which have been previously decided. Accordingly, respondent's motion to dismiss the petition is granted and petitioners' cross motion is denied in all respects.

In addition to seeking dismissal of the petition, respondent requests that costs and sanctions be imposed against petitioners pursuant to 22 NYCRR part 130. We believe that the imposition of a $500 sanction is appropriate in this case. Initially, we note that respondent's express request for the imposition of sanctions provided petitioners sufficient notice that such relief would be considered by this Court and, therefore, petitioners were given a reasonable opportunity to be heard on the issue pursuant to 22 NYCRR 130-1.1 (d) *(see, Matter of Levin v Axelrod,* 168 AD2d 178, 181).

It is well settled that 22 NYCRR 130-1.1 permits financial sanctions to be imposed upon parties in a civil proceeding who engage in frivolous conduct. For conduct to be considered frivolous within the meaning of this rule, the proceeding must be, *inter alia,* "completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]) or commenced "to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]).

In our view, the present proceeding is simply another in petitioners' "barrage of litigation" over the years *(Matter of Minister of Refm. Prot. Dutch Church v 198 Broadway,* 76 NY2d 411, 413) and constitutes nothing more than a strategy to relitigate matters previously decided. While some of the steps undertaken by petitioners over the past 17 years were certainly legitimate and of colorable merit, we find that the present proceeding is so lacking in factual and legal merit as to demonstrate an intention to use this Court not as a means of resolving genuine issues of fact, but rather as a tool to vent their disagreement with and collaterally attack the dispositions ordered by respondent in the proceeding against NYSEG. As such, we find that the proceeding is frivolous and

meritless within the meaning of 22 NYCRR 130-1.1 (c) (1) and constitutes an abuse of the judicial process supporting the imposition of sanctions *(see, Maroulis v 64th Street-Third Ave. Assocs.,* 77 NY2d 831; *Bell v New York Higher Educ. Assistance Corp.,* 76 NY2d 930).

Moreover, we find that the nature of various allegations in the petition provide an independent basis on which to impose the sanction. Most egregious are petitioners' allegations accusing respondent of being, *inter alia,* a "tool of organized crime". Such imputations, without any indicia of evidence in support thereof, are outrageous and will not be tolerated by this Court. We find that these allegations are undertaken primarily, if not solely, to harass respondent and constitute frivolous conduct as defined in 22 NYCRR 130-1.1 (c) (2).

In fixing the sanction at $500, we have taken into consideration the history of petitioners' protracted litigation concerning the provision of electricity to their farm; petitioners' *pro se* status; the time, attention and funds of the Attorney-General that have been diverted unnecessarily; and the need to deter petitioners from engaging in future dilatory behavior *(see, Lichter v State of New York,* 198 AD2d 687, 688). While we have selected an amount in the lower range of permissible sanctions *(see,* 22 NYCRR 130-1.2), we caution petitioners that future dilatory actions and meritless litigation may result in additional, increased sanctions.

Finally, we note that pursuant to 22 NYCRR 130-1.3, the sanction shall be deposited with the Clerk of the Court for transmittal to the State Commissioner of Taxation and Finance *(see, Matter of Schulz v Washington County,* 157 AD2d 948, 949).

Mercure, J. P., Crew III, Casey and Weiss, JJ., concur. Adjudged that respondent's motion is granted, cross motion denied, petition dismissed and a sanction in the amount of $500 is imposed against petitioners pursuant to 22 NYCRR 130-1.1.