■ In the Matter of Raymond Jemzura, Appellant, v New York State Electric & Gas et al., Respondents. [639 NYS2d 142] —Mercure, J.

This is yet another in a long series of actions and proceedings commenced by petitioner and his brother, George Jemzura, in State and Federal courts and administrative tribunals, in an effort to compel respondent New York State Electric & Gas Corporation (hereinafter NYSEG) to supply electrical service to petitioner's farm in the Town of Lebanon, Madison County, at no charge to petitioner. The notable impediments to petitioner's endeavor have been (1) the fact that service to petitioner's residence requires, at the very least, a 2,100-foot extension of existing overhead residential service, whereas Public Service Commission tariffs require that a utility ordinarily bear the cost of only the first 500 feet of overhead distribution line and 100 feet of service line (*see*, 16 NYCRR 98.2 [g]; 98.3 [a]), and (2) petitioner's inability to obtain an easement necessary to extend NYSEG's lines to his residence. The first impediment was ameliorated by an October 1993 amendment to the controlling regulations, which now permit recipients of the Home Energy Assistance Program (HEAP) an additional 1,500 feet of free line extension (*see*, 16 NYCRR 98.2 [m]). There is no dispute that petitioner is a HEAP recipient, and NYSEG has agreed to provide service to petitioner's residence if the appropriate easement is obtained.

The easement poses a far more difficult problem for petitioner. It is undisputed that the shortest route to petitioner's property, apparently the only route that will permit a connection within the length of the free extension provided to HEAP recipients, is over a neighbor's property. Also undisputed is the fact that the neighbor is unwilling to grant petitioner an easement and that petitioner has not accepted NYSEG's offer to obtain the required easement by condemnation upon condition that petitioner assume the cost of that proceeding. Further, in a 1987 action by petitioner against NYSEG and neighboring landowners, Supreme Court (Tait, Jr., J.) determined that a claimed easement over the adjoining property, allegedly granted in 1941, was not binding upon the defendants therein. In a subsequent action against, among others, NYSEG and the Town of Lebanon, Supreme Court (Mugglin, J.) also determined that a 1924 franchise agreement between NYSEG and the Town did not authorize NYSEG's construction of electric transmission lines along Mussision Road, which was obtained by use (*see*, Highway Law § 189) and was not owned in fee by the Town. As such, it was required that easements be obtained from the abutting owners (*see*, *Heyert v Orange & Rockland Utils.*, 17 NY2d 352).

To the extent that petitioner's present claims can be ascertained from his *pro se* pleadings, we agree with Supreme Court that, as concerns his entitlement to an easement, he has advanced no theory that was not raised and resolved against him on the merits in one or more of the prior actions and proceedings. As such, the proceeding was barred by the doctrine of res judicata and properly dismissed on that basis (*see, Lanuto v Constantine*, 215 AD2d 946). In addition, in commencing this proceeding, petitioner violated a March 1993 order of Supreme Court (Mugglin, J.) which prohibited him from commencing any more *pro se* proceedings against NYSEG absent prior judicial approval. We further note that this Court previously imposed a $500 sanction against petitioner and his brother for a frivolous attempt to collaterally attack an order of Supreme Court dismissing one of the myriad claims brought by petitioner against NYSEG (*see, Matter of Jemzura v Mugglin*, 207 AD2d 645, *appeal dismissed* 84 NY2d 977). In view of the foregoing, the demonstrated absence of merit to the instant proceeding, and our prior admonition that "future * * * meritless litigation may result in additional, increased sanctions" (*supra*, at 647), we are constrained to impose yet another sanction, this time in the amount of $1,000, to be deposited with the Clerk of the Court for transmittal to the State Commissioner of Taxation and Finance.

The parties' remaining contentions need not be considered.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs, and a sanction in the amount of $1,000 is imposed against petitioner pursuant to 22 NYCRR 130-1.1.