■ In the Matter of ANNE E. VICINANZO, Petitioner, v ROBERT P. BEST, as Justice of the Supreme Court of the State of New York, et al., Respondents. [671 NYS2d 811] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to compel respondent Justice of the Supreme Court to sign a proposed qualified domestic relations order.

When the parties to this divorce action were last before this Court, we granted petitioner's request for, *inter alia*, "an income deduction order * * * in a form which [would] qualify as a Qualified Domestic Relations Order [hereinafter QDRO] under ERISA (29 U.S.C. § 1056 [d])", to take effect when respondent Vincent Vicinanzo (hereinafter respondent), her former spouse, began to draw from his retirement account (*see, Vicinanzo v Vicinanzo*, 233 AD2d 715, 716). That determination was aimed at ensuring that petitioner would continue to receive her court-ordered maintenance payments of $500 per week even though respondent's source of income might change. Inasmuch as petitioner's motion papers established, prima facie, her entitlement to such an order, and respondent had submitted nothing to rebut that showing, we concluded that Supreme Court had erred in refusing to grant the requested relief (*id.*, at 716-717).

Petitioner then filed with Supreme Court a proposed order, the entry of which respondent opposed on several grounds. After considering both parties' written and oral arguments with respect to what this Court intended, the suitability of the proposed order given the nature of the retirement account at issue, and the difficulties that might be encountered in implementing the order should the underlying maintenance award be modified due to petitioner's receipt of Social Security benefits, Supreme Court reserved decision. The parties were thereafter informed that if they wished to obtain clarification of our previous decision, the proper procedure would be to move in this Court for that relief; neither did so. Instead, petitioner commenced this proceeding to compel Supreme Court to sign the proposed QDRO, an act she characterizes as ministerial in view of our holding.

Mandamus is "an extraordinary remedy" (*Klostermann v Cuomo*, 61 NY2d 525, 537), invocable only "to compel the performance of a purely ministerial act where there is a clear legal right to the relief sought" (*Matter of Legal Aid Socy. v Scheinman*, 53 NY2d 12, 16). A parallel and pertinent principle applicable here is that a subordinate judicial tribunal cannot be directed to act in a particular manner, when performing a function which "involves the exercise of judicial power or discretion" (*Klostermann v Cuomo, supra*, at 540).

In this case, our previous decision and order, considered in its entirety and in the context in which it was issued, gives petitioner a "clear legal right" to the entry of a QDRO, entitling her to obtain her maintenance payments from respondent's retirement funds once he begins to draw upon that account.

However, due to the sparseness of the record on that appeal, the precise manner in which that right was to be implemented was not spelled out. It was left to the discretion of Supreme Court—which is in a better position to gather and evaluate information bearing on such relevant factors as the nature of the retirement plan and respondent's rights therein, and the potential tax consequences of any proposal—to determine the specific terms of the order. In these circumstances, the mere fact that petitioner is entitled to the entry of an order does not mean that the court is obliged to sign any order she presents.

Moreover, while there is merit to petitioner's contention that Supreme Court should not have rejected the proposed QDRO solely because of the possibility that respondent might seek modification of the underlying maintenance obligation in the near future, we are not persuaded that this was the only reason for the court's refusal to sign the order as drafted. Rather, it appears from the submissions tendered in opposition to the instant petition that the court had other, legitimate concerns regarding the clarity and feasibility of the proposal, which it had not yet had an opportunity to resolve, through further conference and discussion with the parties or otherwise.

Significantly, there is no indication that Supreme Court is unwilling or unable to fashion an appropriate order within a reasonable time (*compare, Bouchard v Abbott*, 122 AD2d 375, *lv denied* 69 NY2d 606) and we urge the court to do so expeditiously. As this is not an instance of unexplained, arbitrary or illegal action on Supreme Court's part, there is no basis for granting the extraordinary remedy of mandamus at this juncture (*see, Matter of Knight v Gerosa*, 4 AD2d 176, 177; *Matter of General Steel Prods. Corp. v City of New York*, 18 Misc 2d 106, 108).

Mikoll, J. P., Crew III, Peters and Spain, JJ., concur. Adjudged that the petition is dismissed, without costs.