Spain, J.
Proceeding pursuant to CPLR 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to compel respondent Justice of the Supreme Court to comply with an order issued by petitioners.
Respondent Justice of the Supreme Court (hereinafter respondent) dismissed petitioners’ third pro se action against, among others, the State Board of Elections, which advanced the same claims that we recently found to be not viable in Aprea v New York State Bd. of Elections (103 AD3d 1059 [2013]). Thereafter, petitioners filed a fictitious “court order,” issued by their self-proclaimed “court of record,” which, among other things, purported to order respondent to reinstate their action. Upon respondent’s dismissal of that filing, petitioners commenced this proceeding seeking a writ of mandamus to, among other relief, compel respondent to rescind the order that dismissed their action.
*897 Initially, petitioners cannot use a collateral CPLR article 78 proceeding seeking the extraordinary remedy of mandamus to, in effect, challenge respondent’s order dismissing their complaint; the proper remedy would be a direct appeal of that order (see Matter of Dyno v Rose, 260 AD2d 694, 697 [1999], appeal dismissed 93 NY2d 998 [1999], lv denied 94 NY2d 753 [1999]; Matter of Jemzura v Mugglin, 207 AD2d 645, 646 [1994], appeal dismissed 84 NY2d 977 [1994]; Matter of Ferguson v Cheeseman, 138 AD2d 852, 853 [1988]). In any event, petitioners have absolutely no legal right to create a new court of record or to issue court orders (see NY Const, art VI, § 1 [a], [b]; Judiciary Law § 2). Moreover, “the remedy of mandamus is not available to compel a judicial officer to render a decision with a particular outcome where[, as here,] the decision involves the exercise of discretion or judgment and is not merely a ministerial act required by law” (Matter of Dyno v Rose, 260 AD2d at 697; see Matter of Vicinanzo v Best, 249 AD2d 739, 740 [1998]; Matter of Abbott v Conway, 148 AD2d 909, 910 [1989], lv denied 74 NY2d 608 [1989]). Accordingly, petitioners are not entitled to the extraordinary remedy of mandamus. While we decline, at this juncture, to prohibit petitioners from commencing related proceedings in this Court, petitioners are warned that further frivolous conduct will result in sanctions (see 22 NYCRR 130-1.1 [a], [c]; Matter of Jemzura v Mugglin, 207 AD2d at 647).*
Rose, J.P., McCarthy and Egan Jr., JJ., concur. Adjudged that the petition is dismissed, without costs.

 We further stress that it is a misdemeanor offense to use the term “court” with respect to the name of an organization or association “in such manner as to be calculated reasonably to lead to the belief that [it] is vested with judicial power” (Judiciary Law § 3).