Baugh v Seagull 27, LLC (2025 NY Slip Op 04620)

Baugh v Seagull 27, LLC

2025 NY Slip Op 04620

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-06371
 (Index No. 612764/21)

[*1]Cara A. Baugh, respondent, 
v
Seagull 27, LLC, et al., defendants; Hercules Pharmaceuticals, Inc., nonparty-appellant.

Patrick C. Carroll, Carle Place, NY, for nonparty-appellant.
Pardalis & Nohavicka, LLP, New York, NY (Israel Klein of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Hercules Pharmaceuticals, Inc., appeals from an order of the Supreme Court, Nassau County (Sarika Kapoor, J.), dated April 18, 2023. The order denied that nonparty's motion pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees and the imposition of sanctions against the plaintiff.
ORDERED that the order is affirmed, with costs.
On October 7, 2021, the plaintiff commenced this action against the defendants to recover damages for personal injuries she allegedly sustained as a result of an accident. On August 5, 2022, counsel for all parties executed a stipulation pursuant to CPLR 3217 voluntarily discontinuing the action with prejudice and without costs to any party. In November 2022, nonparty Hercules Pharmaceuticals, Inc. (hereinafter Hercules Pharmaceuticals), moved pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees and the imposition of sanctions against the plaintiff. In an order dated April 18, 2023, the Supreme Court denied the motion. Hercules Pharmaceuticals appeals.
The Supreme Court properly denied Hercules Pharmaceuticals' motion for an award of attorney's fees and the imposition of sanctions against the plaintiff. 22 NYCRR 130-1.1(a) authorizes an award of costs or the imposition of sanctions in favor of "any party or attorney" in any civil action or proceeding "before the court." "The regulation contemplates an award of costs or the imposition of sanctions for frivolous conduct within the context of the proceeding in which the frivolous conduct is alleged to have occurred" (Matter of Alice D. [Lupoli], 113 AD3d 609, 612; see 22 NYCRR 130-1.1[c]; Rose Val. Joint Venture v Apollo Plaza Assoc., 191 AD2d 874, 875). Here, the motion was untimely, as it was made after the parties executed a stipulation voluntarily discontinuing the action (see Matter of Alice D. [Lupoli], 113 AD3d at 612; Rose Val. Joint Venture v Apollo Plaza Assoc., 191 AD2d at 875).
In light of our determination, we need not reach Hercules Pharmaceuticals' remaining contentions.
BARROS, J.P., WOOTEN, LOVE and HOM, JJ., concur.

2023-06371 DECISION & ORDER ON MOTION
Cara A. Baugh, respondent, v Seagull 27, LLC,
et al., defendants; Hercules Pharmaceuticals,
Inc., nonparty-appellant.
(Index No. 612764/21)

Appeal from an order of the Supreme Court, Nassau County, dated April 18, 2023. Motion by the respondent, inter alia, to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated November 22, 2024, that branch of the motion which is to strike stated portions of the appellant's brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record is granted to the extent that the following portions of the appellant's brief are stricken and have not been considered in the determination of the appeal, and that branch of the motion is otherwise denied:
(1) on page 4, second through fifth lines, the words "Nonparty- Appellant Hercules Pharmaceuticals is a national distributor and wholesaler of pharmaceuticals. Appellant's facility is secured with alarms and surveillance technology greater than would normally be encountered when securing office space" (Id. at p. 4);
(2) on page 13 footnote 7;
(3) on page 15, second through fourth lines, the words "Appellant's staff and counsel met and conferred regarding these subpoenas and was harmed thereby but prior to responses issuing, Attorney- Respondent discontinued her own lawsuit with prejudice with her attorneys duly filing the stipulation of discontinuance";
(4) on page 21, fourth through sixth lines, the words "wherein the non-party had no ability or right to stop, or otherwise direct any of the parties to decline to discontinue the action with prejudice" and footnote 8;
(5) on page 27, third and fourth lines from the bottom, the words "Attorney-Respondent filed suit against Defendant 'HERCULES GROUP INC.' with whom Hercules was in contractual privity";
(6) the paragraph beginning on page 29 with the words "To be clear" and ending on page 30 with the words "through 'official channels'";
(7) on page 30, the first and second full paragraphs beginning with the words "But for the fact" and ending with the words "foregoing and more," and footnote 9;
(8) on page 47 footnote 11;
(9) the first full paragraph on page 50, beginning with the words "In the case at bar" and ending with the words "the second subpoena duces tecum."
BARROS, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court